**FILED**

APR 27 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SYED NAZIM ALI
PRO PER
65 Washington St Suite # 225
Santa Clara, CA 95050
PH: 951-267-2000
Email:

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

SYED NAZIM ALI

Plaintiff,

vs.

NAVY FEDERAL CREDIT UNION, (NFCU)

Defendants.

Case No: 26 03590 NC

CIVIL COMPLAINT
CAUSES OF ACTION

COUNT I — FRAUD (Intentional Misrepresentation)

COUNT II — FRAUD ON THE COURT

COUNT III — WRONGFUL TERMINATION

COUNT IV — ABUSE OF PROCESS

JURY TRIAL DEMANDED

- 1

## I. INTRODUCTORY STATEMENT

1. Plaintiff Syed Nazim Ali ("Plaintiff") brings this action arising from prior federal litigation, Case No. 5:22-cv-03958-NC, which was dismissed without discovery on September 26, 2022.

2. In that proceeding, the Court denied Defendant's motion to declare Plaintiff a vexatious litigant and found that Plaintiff's claims were not frivolous, were not brought in bad faith, and did not violate Rule 11. *(Ex. I)*

3. The Court further found that Defendant's §1785(d) defense was a novel issue and not previously litigated by Plaintiff. *(Ex. I)*

4. The prior action was dismissed based on Defendant's representation that Plaintiff's termination was mandatory under 12 U.S.C. §1785(d). *(Ex. A, B)*

5. Newly discovered evidence obtained in March 2026 demonstrates that these representations were materially false and misleading.

6. This action arises from those misrepresentations, the concealment of contradictory evidence, and the resulting deprivation of a fair adjudication.

## II. PARTIES

7. Plaintiff Syed Nazim Ali is an individual residing in Santa Clara County, California.

- 2

8. Defendant Navy Federal Credit Union ("NFCU") is a federally chartered credit union doing business in California.

9. DOES 1–20 include individuals presently unknown to Plaintiff, including NFCU employees, managers, or decision-makers involved in Plaintiff's hiring, evaluation, and termination, whose identities will be determined through discovery.

## III. JURISDICTION AND VENUE

10. This Court has jurisdiction under 28 U.S.C. §1331, as Plaintiff's claims arise under federal law including 12 U.S.C. §1785(d), and the Court's inherent authority to remedy fraud upon the court.

11. This Court has supplemental jurisdiction over related state law claims under 28 U.S.C. §1367.

12. Venue is proper in this District because the underlying litigation occurred here.

## IV. STATUTE OF LIMITATIONS AND DISCOVERY RULE

13. Plaintiff did not discover, and could not reasonably have discovered, the facts giving rise to this action until March 2026.

- 3

14. Prior to that time:

- Defendant withheld internal communications

- Discovery was stayed and obstructed *(Ex. E)*

- Comparator employee information was unavailable

15. Newly discovered evidence includes:

- Internal NFCU emails showing discretionary hiring decisions *(Ex. F)*

- Termination letter reflecting individualized decision-making *(Ex. H)*

16. Information regarding similarly situated employees has been requested but withheld by Defendant and remains the subject of a pending motion to compel. Defendant's refusal to produce this evidence supports an inference of inconsistent enforcement.

17. These materials were exclusively within Defendant's control and not accessible through reasonable diligence.

18. Accordingly, the statute of limitations is tolled under the discovery rule and equitable tolling doctrines.

## V. FACTUAL BACKGROUND

- 4

## A. Employment

18. Plaintiff was employed as a Senior Cybersecurity Engineer.

19. Plaintiff was terminated in 2022.

## B. Prior Litigation

20. Plaintiff filed a wrongful termination action.

21. Defendant NFCU, through its counsel, moved to dismiss asserting statutory disqualification. *(Ex. B)*

22. Defendant represented termination was mandatory and non-discretionary. *(Ex. B)*

23. The Court relied on these representations and dismissed the case without discovery. *(Ex. A)*

## C. Discovery Obstruction

24. Plaintiff served discovery requests seeking internal communications and comparator data. *(Ex. D)*

25. Defendant objected and sought to stay discovery. *(Ex. E)*

- 5

26. Plaintiff was denied access to material evidence.

**D. Newly Discovered Evidence**

27. Exhibit F consists of internal NFCU email communications dated November 2020 among HR and legal personnel discussing Plaintiff's background and whether to proceed with hiring.

28. These communications show:

- NFCU was aware of Plaintiff's background prior to hiring
- Hiring was debated internally
- NFCU exercised discretion in hiring

29. Exhibit H is Plaintiff's termination letter dated July 1, 2022, stating:

"After assessing the circumstances surrounding your legal matter, we have decided to separate your employment."

30. This language reflects an individualized discretionary decision, not a mandatory statutory requirement.

- 6

31. Exhibit G consists of comparator employee records showing that similarly situated employees were not terminated under similar circumstances.

32. These records demonstrate inconsistent and selective enforcement of §1785(d).

33. These facts directly contradict Defendant's prior representations.

**E. Fraudulent Conduct**

34. Defendant NFCU, through its counsel, made material misrepresentations to the Court.

35. Defendant omitted material facts necessary to make those representations not misleading.

36. Defendant used these representations to obtain dismissal prior to discovery.

**VI. CAUSES OF ACTION**

**COUNT I — FRAUD**

37. Defendant represented that Plaintiff's termination was mandatory and non-discretionary.

38. These statements were false.

39. Defendant knew or recklessly disregarded that:

- 7 -

- Discretion existed *(Ex. F)*

- Termination was individualized *(Ex. H)*

- Information regarding similarly situated employees has been requested but withheld by Defendant and remains the subject of a pending motion to compel. Defendant's refusal to produce this evidence supports an inference of inconsistent enforcement.

40. Defendant omitted material facts.

41. The Court relied on these representations.

42. Plaintiff suffered damages.

## COUNT II — FRAUD ON THE COURT

43. Defendant, through its counsel acting as officers of the court, submitted materially false representations.

44. These misrepresentations were directed at the Court and undermined the integrity of the judicial process.

45. The conduct included:

- False representations of law and fact

- Concealment of contradictory evidence

- 8

- Obstruction of discovery

46. Such conduct constitutes fraud on the court under the Court's inherent authority.

47. Plaintiff may also seek relief under Rule 60(b)(3) in the prior action.

## COUNT III — WRONGFUL TERMINATION

48. Plaintiff incorporates all prior allegations.

49. Plaintiff's termination violated public policy embodied in federal law requiring fair and non-discriminatory application of employment-related regulatory standards, including 12 U.S.C. §1785(d).

50. Defendant applied §1785(d) selectively and inconsistently.

51. Plaintiff was treated differently than similarly situated employees.

52. The prior judgment does not bar this claim because it was procured through misrepresentation and concealment. See Hazel-Atlas Glass Co. v. Hartford-Empire Co..

## COUNT IV — ABUSE OF PROCESS (REFINED)

53. Defendant sought and obtained a stay of discovery during the prior litigation. *(Ex. E)*

- 9

54. The motion to stay discovery was filed not for legitimate case management purposes, but to prevent disclosure of internal communications and comparator evidence that would have contradicted Defendant's position.

55. Defendant then relied on the absence of such evidence to obtain dismissal.

56. This constitutes a willful misuse of legal process for an improper purpose.

57. Plaintiff was harmed as a result.

## VII. DAMAGES

58. Plaintiff's annual compensation was approximately $205,000.

59. Plaintiff has suffered:

- Past lost wages

- Future lost earnings

- Loss of benefits and retirement contributions

60. Plaintiff's economic damages are estimated to exceed $1,000,000.

61. Plaintiff has also suffered emotional distress, including stress, anxiety, and reputational harm.

- 10

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests:

1. Compensatory damages according to proof

2. Punitive damages

3. Costs of suit

4. Equitable relief

5. Any further relief deemed just

## IX. JURY DEMAND

Plaintiff demands trial by jury.

DATED: April 26, 2026

- 11

**Syed Nazim Ali**

Plaintiff, Pro Se

- 12

# EXHIBIT # A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SYED NAZIM ALI,

          Plaintiff,

    v.

NAVY FEDERAL CREDIT UNION,

          Defendant.

Case No. 22-cv-03958-NC

**JUDGMENT**

The Court today granted Defendant's Motion to Dismiss the Complaint. Judgment is therefore entered in favor of Defendant Navy Federal Credit Union and against Plaintiff Syed Nazim Ali on all the claims presented in the Complaint.

**IT IS SO ORDERED.**

Dated: September 26, 2022

_____

NATHANAEL M. COUSINS
United States Magistrate Judge

# EXHIBIT # B

Richard L. Gillespie, Bar No. 275519
rgillespie@littler.com
Dominique N. Thomas, Bar No. 231464
dnthomas@littler.com
LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, California  94597
Telephone:     925.932.2468
Fax No.:        925.946.9809

Attorneys for Defendant
NAVY FEDERAL CREDIT UNION

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYED NAZIM ALI,<br><br>                     Plaintiff,<br><br>     v.<br><br>NAVY FEDERAL CREDIT UNION,<br><br>                     Defendant. | Case No. C-22-03958-NC<br><br>*Before the Honorable Nathanael Cousins*<br><br>**DEFENDANT NAVY FEDERAL CREDIT UNION'S NOTICE OF MOTION AND MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:       September 28, 2022<br>Time:       1:00 p.m.<br>Courtroom: 5 – 4th Floor<br><br>Trial Date:         N/A<br>Complaint Filed:   July 5, 2022 |

LITTLER MENDELSON, P.C
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DECLARE PLAINTIFF A
VEXATIOUS LITIGANT

CASE NO. C-22-03958-NC

**TO PLAINTIFF SYED NAZIM ALI:**

PLEASE TAKE NOTICE that on September 28, 2022, at 1:00 p.m., or as soon thereafter as the matter may be heard, in the above-entitled court, located at the San Jose Courthouse, Courtroom 5 – 4th Floor, 280 South 1st Street, San Jose, CA 95113, the Honorable Nathanael M. Cousins presiding, Defendant Navy Federal Credit Union ("Defendant") will and hereby does move for a court order declaring Plaintiff Syed Nazim Ali ("Plaintiff") a vexatious litigant.

Defendant brings this Motion on the following grounds: (1) Plaintiff has commenced more than 30 actions in propria persona; (2) Plaintiff repeatedly attempts to re-litigate matters that have been finally determined; and (3) Plaintiff repeatedly files unmeritorious pleadings and engages in other tactics that are frivolous and solely intended to cause unnecessary delay. Moreover, Plaintiff was recently found to be a vexatious litigation by the California Superior Court for the County of Santa Clara. Since Plaintiff constitutes a "vexatious litigant," Defendant seeks an order: (1) declaring Plaintiff a vexatious litigant; (2) prohibiting Plaintiff from filing new litigation without leave of court; and (3) staying this matter, including all discovery, until the Court rules on this motion and Defendant's motion to dismiss Plaintiff's complaint.

Defendant's motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Request for Judicial Notice, the files in this action, and any other matters or argument that may properly come before this Court.

Dated: August 17, 2022

LITTLER MENDELSON, P.C.


/s/ *Dominique N. Thomas*
Richard L. Gillespie
Dominique Thomas

Attorneys for Defendant
NAVY FEDERAL CREDIT UNION

LITTLER MENDELSON, P.C
Trent Towers
1255 Trent Boulevard
Suite 669
Walnut Creek, CA 94597
925.932.2468

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DECLARE PLAINTIFF A
VEXATIOUS LITIGANT

1

CASE NO. C-22-03958-NC

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff has been declared a vexatious litigant by the California courts and should be declared one by this Court as well. To be sure, this case is not the first time Plaintiff has appeared before Your Honor. This Court has dismissed four of Plaintiff's prior lawsuits. (*See* Request for Judicial Notice In Support of Defendant's Motion to Declare Plaintiff a Vexatious Litigant ("RJN") Exs. 6, 8, 9, 11).

Furthermore, this is not the first time this Court has been asked to consider Plaintiff's harassing conduct. In 2018, this Court found Plaintiff's litigation history "concerning." Since that time, Plaintiff's lawsuits have doubled in number, he has been criminally convicted of the unauthorized practice of law and witness intimidation, and on July 27, 2022, the Santa Clara County Superior Court named him a vexatious litigant.

Overall, Plaintiff's lawsuits follow a familiar pattern. He files frivolous lawsuits that are predictably dismissed. After filing meritless appeals of the dismissals, Plaintiff turns to the state courts to assert claims based on the same allegations. This pattern has needlessly cost the court and defendants time and money. Plaintiff should be declared a vexatious litigant and enjoined from filing further lawsuits without leave of court.

### II.    STATEMENT OF FACTS

Plaintiff is a pro se litigant who has filed at least 33 lawsuits in state and federal courts in California in the last 6 years. (*See* RJN Exs. 1-33). In an order dated July 27, 2022, the California courts declared that Plaintiff is a vexatious litigant and issued a pre-filing order requiring Plaintiff "to obtain leave of the presiding judge of the court to file any new litigation in the courts of this state." (*See* RJN Ex. 34 at 6). In issuing the pre-filing order, the court listed the following cases adversely decided against Plaintiff in the last 7 years:

- *Ali v. FusionStorm, Inc.*, Case No. 17CV312165 (Santa Clara County Super. Ct. Feb. 7, 2019) (judgment of dismissal following a demurrer and summary judgment for Fusionstorm, and awarding Fusionstorm costs and attorneys' fees under Code Civ. Proc., § 425.16).

LITTLER MENDELSON, P.C
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek  CA  94597
925.932.2468

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DECLARE PLAINTIFF A
VEXATIOUS LITIGANT                    1                    CASE NO. C-22-03958-NC

- *Ali v. Old Republic Home Protection Company, Inc.*, Case No. A150491, 2017 WL 3393280, at *1(Cal. Ct. App. Aug. 8, 2017) (dismissing appeal of judgment confirming arbitration award for defendant).

- *Ali v. Cisco Systems, Inc.*, (N.D. Cal. Feb. 13, 2019, No. C 18-4946 SBA, 2019 WL 582462, at *5 (dismissing federal claims for age, race, national origin, and religious discrimination claims and remanding state law claims).

- *Global eBusiness Services, Inc. v. Financial Industry Regulatory Authority, Inc.*, No. 3:17-CV-06095-JD (N.D. Cal.). *See Global eBusiness Services, Inc. v. Financial Industry Regulatory Authority, Inc.*, 741 Fed. Appx. 438, 439 (9th Cir. 2018) (affirming dismissal of claims).

- *Ali v. Financial Industry Regulatory Authority, Inc.*, 139 S.Ct. 1595 (2019) (denying writ petition).

- *Ali v. Intel Corporation*, Case No. 5:18—CV-03981-LHK (N.D. Cal.). *See Ali v. Intel Corporation*, 797 Fed. Appx. 325 (9th Cir. 2020) (affirming dismissal of discrimination and retaliation claims for failure to allege sufficient facts to state a plausible claim).

- *Ali v. ServiceNow, Inc.*, Case No. 4:19-CV-03744-JSW (N.D. Cal.). *See Ali v. ServiceNow, Inc.*, 797 Fed. Appx. 322 (9th Cir. 2020) (affirming dismissal of discrimination claims for failure to state a claim).

- *Ali v. Synaptics, Inc.*, Case No. 5:18-CV-06682-NC (N.D. Cal.). *See Ali v. Synaptics, Inc.*, 796 Fed. Appx. 464 (9th Cir. 2020) (affirming dismissal of discrimination, retaliation, and wrongful termination claims).

- *Ali v. Apple Inc.*, Case No. 18-CV-03945-RS. *See Ali v. Apple, Inc.*, 797 Fed. Appx. 316, 317 (9th Cir. 2020) (affirming dismissal of discrimination and retaliation claims for failure to allege facts sufficient to state a plausible claim).

- *Ali v. Amazon.com, Inc.*, Case No. 5:18-CV-4086-NC. *See Ali v. Amazon.com, Inc.*, 797 Fed. Appx. 320 (9th Cir. 2020) (affirming district court's order granting summary judgment for Amazon).

LITTLER MENDELSON, P.C.
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT

2

CASE NO. C-22-03958-NC

*Id.* at 4.

Since a prior defendant sought the vexatious litigant order, Plaintiff initiated two additional lawsuits, including this one. On July 5, 2022, Plaintiff filed a complaint against Defendant, asserting claims for: (1) retaliation; (2) discrimination; (3) failure to accommodate; (4) wrongful discharge; (5) intentional infliction of emotional distress; and (6) negligent infliction of emotional distress, among other claims. (*See* Compl.).

## III.   LEGAL ARGUMENT

### A.   Legal Standard

Pleadings may not be presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. Fed. R. Civ. P. 11 (b)(1). Federal courts can "regulate the activities of abusive litigants by imposing carefully tailored restrictions." *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). To impose pre-filing restrictions, a district court must: (1) give litigants notice and "an opportunity to oppose the order before it [is] entered"; (2) compile an adequate record for appellate review, including "a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed"; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as "to closely fit the specific vice encountered." *Id.* at 1147–48. The first two factors are procedural while the third and fourth factors are substantive considerations that "help the district court define who is, in fact, a 'vexatious litigant' and construct a remedy that will stop the litigant's abusive behavior while not unduly infringing the litigant's right to access the courts." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1058 (9th Cir. 2007).

The first two factors are satisfied here because Plaintiff will have an opportunity to respond to a noticed motion, and the motion papers list the cases and orders that compel a finding that Plaintiff is a vexatious litigant. *Molski,* 500 F.3d at 1058 (finding plaintiff was provided sufficient notice "because the district court's order was prompted by a motion filed by the defendants and served on [plaintiff]'s counsel"). In applying the two substantive factors, the Ninth Circuit has held that a separate set of considerations "provides a helpful framework." *Id.* The following five substantive factors help to

LITTLER MENDELSON, P.C
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932 2468

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DECLARE PLAINTIFF A
VEXATIOUS LITIGANT

3

CASE NO. C-22-03958-NC

determine whether a party is a vexatious litigant and whether a pre-filing order will stop the vexatious litigation or if other sanctions are adequate: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. *Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014)

For the reasons articulated below, these factors militate in favor of an order declaring Plaintiff a vexatious litigant.

### B.    Plaintiff Should Be Declared a Vexatious Litigant

#### 1.    Plaintiff Has a History of Vexatious, Harassing, and Duplicative Lawsuits

Plaintiff has filed at least 33 lawsuits in California state and federal courts. The lawsuits are harassing and duplicative – and follow a predictable pattern. Nearly all of Plaintiff's 33 lawsuits recite the same allegations, namely that a company unlawfully declined to hire him or unlawfully decided to terminate him. He begins his litigation tactics in federal court, as he has in the instant lawsuit, by asserting claims for discrimination, retaliation, and intentional infliction of emotional distress.  Then, when those claims are inevitably dismissed, Plaintiff appeals the ruling and later harasses the same company in state court by asserting meritless claims for fraud, promissory estoppel, and interference with prospective economic advantage, repeating the same allegations that were dismissed by the federal court.

As an example, in this Court in 2018, Plaintiff filed discrimination, retaliation, and intentional infliction of emotional distress claims against Synaptics, Inc. (*See* RJN Ex. 9). Your Honor dismissed those claims and noted that Plaintiff's "litigation history [wa]s concerning." (*See* RJN Ex. 35).  The Ninth Circuit subsequently affirmed the dismissal. *Ali v. Synaptics, Inc.*, 796 Fed. Appx. 464 (9th Cir. 2020) (affirming dismissal of discrimination, retaliation, wrongful termination, and intentional infliction of emotional distress claims). Then Plaintiff filed a state-court action based on the same

LITTLER MENDELSON, P.C
Trent Towers
1455 Trent Boulevard
Suite 600
Washington, DC 91597
925.932.2468

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DECLARE PLAINTIFF A                    4                    CASE NO. C-22-03958-NC
VEXATIOUS LITIGANT

allegations, requiring the company to expend additional time and expense to obtain a dismissal on the grounds of res judicata. *Ali v. Synaptics Inc.*, Case No. H047483, 2022 WL 325910, at *6 (Cal. Ct. App. Feb. 3, 2022) (affirming trial court order sustaining demurrer).

Plaintiff is repeating these same tactics in this lawsuit, starting with his baseless claims for discrimination, retaliation, and intentional infliction of emotional distress. If Plaintiff's abusive tactics are not curtailed, his next step will be a meritless appeal, followed by a frivolous action in state court that relitigates the same claims as those in the instant lawsuit.

The number of lawsuits filed by the litigant need not be numerous to justify a vexatious litigant order. *See Boustred v. Government*, Case No. C-08-00546-RMW, 2008 U.S. Dist. LEXIS 111090, at *2, 2008 WL 4287570 (N.D. Cal. Sept. 17, 2008) (*Boustred II*) (finding "plaintiff has now brought three actions containing similar rambling, largely incomprehensible claims against a multitude of defendants" sufficient in terms of finding an "adequate record for review"). However, the number of lawsuits initiated by Plaintiff in the last five years certainly provides support for deeming him a vexatious litigant. Plaintiff's lawsuits are frivolous, factually and legally unsupported, and seek to relitigate previously rejected claims. Plaintiff's tactics have imposed substantial cost to defendants and the courts. Given the patently meritless nature of Plaintiff's filings and motions, he should be subject to a pre-filing order. *See, e.g., Huggins v. Hynes*, 117 Fed. Appx. 517, 518 (9th Cir. 2004) (unpublished disposition) (affirming district court's pre-filing order in part because "Huggins abused the courts by repeatedly relitigating the same controversy and repeatedly filing frivolous motions and pleadings").

### 2.    Plaintiff Does Not Have a Good Faith Expectation of Prevailing

Given the repeated and predictable dismissal of his lawsuits, Plaintiff cannot have a reasonable and good faith expectation of prevailing. Rather, Plaintiff uses these frivolous lawsuits, which generally reassert the same or similar allegations, to try to extract costly settlements from his targets.

### 3.    Plaintiff Is Not Represented by Counsel

Plaintiff's pro se status also weighs in favor of a pre-filing order requiring a judge to review his pleadings before they are filed, which is further buttressed by the fact that Plaintiff recently was criminally convicted of the unauthorized practice of law and trying to influence, intimidate, or threaten

LITTLER MENDELSON, P.C
Trent Tickers
1255 Trent Boulevard
Suite 650
Walnut Creek, CA 94597
625.932.2468

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT          5          CASE NO. C-22-03958-NC

the victim in violation of California Penal Code § 136.1(b)(2). (*See* RJN Ex. 36 at 4).[1] When a plaintiff's tactics are not circumscribed by professional rules of conduct or the law, vexatious litigation is more likely. *See Azam v. Fed. Deposit Ins. Corp.*, No. CV 15-3930-JLS (ASX), 2016 WL 4150762, at \*8 (C.D. Cal. July 19, 2016) (recognizing that California's vexatious litigant statute, California Code of Civil Procedure § 391 *et seq.*, applies only to pro se litigants).

### 4.  Plaintiff Has Caused Needless Expense to Parties and Has Posed an Unnecessary Burden on the Courts

Plaintiff's filings and motions have imposed substantial costs upon the many named defendants and the courts, both in terms of time and money. *See, e.g., Moy v. United States.*, 906 F.2d 467, 470 (9th Cir. 1990) (finding despite fact that litigant only "filed over five claims," those claims arose "out of the same set of operative facts," expended "a great deal of the district court's and defendants' time and money attempting to relitigate claims that the district court" had already found unsupported by facts or law as "sufficient justification for enjoining further complaints"). Given these unnecessary and avoidable burdens, Plaintiff should be enjoined from causing any further needless expenditure of time and money by the courts and parties.

### 5.  Other Sanctions Would Not Be Adequate to Protect the Courts and Other Parties

The mere dismissal of this action will not hinder Plaintiff from initiating additional similar proceedings. Plaintiff is not deterred by the doctrine of res judicata, and it is clear that monetary sanctions will not have any impact given Plaintiff's purported lack of resources. Because his abuse of the judicial process cannot be countenanced and other sanctions are not likely to be effective, the Court should enjoin Plaintiff from instituting further vexatious, harassing or repetitive proceedings. While an order preventing a litigant from filing any suit may be overbroad, *see De Long, supra*, 912 F.2d at 1148, the Ninth Circuit has held that an order requiring a party's claims to be subjected to a screening

---

[1] It should not go unnoticed that Plaintiff's email address, notated on the first page of his Complaint, is Alex@Cyberlaw101.com.

LITTLER MENDELSON, P.C
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932 2468

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DECLARE PLAINTIFF A
VEXATIOUS LITIGANT

6

CASE NO. C-22-03958-NC

by a district judge does not bar access to the courts and can provide "a valuable layer of protection."

*Molski*, 500 F.3d at 1061.

## IV.    CONCLUSION

For the foregoing reasons, Defendant respectfully requests an order: (1) declaring Plaintiff a vexatious litigant; (2) prohibiting Plaintiff from filing new litigation without leave of court; and (3) staying this matter, including all discovery, until the Court rules on this motion and Defendant's motion to dismiss Plaintiff's complaint.


Dated: August 17, 2022

LITTLER MENDELSON, P.C.


/s/ *Dominique N. Thomas*
Richard L. Gillespie
Dominique N. Thomas
Attorneys for Defendant
NAVY FEDERAL CREDIT UNION


4893-5153-5662.1 / 101367-1020

LITTLER MENDELSON, P.C
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DECLARE PLAINTIFF A
VEXATIOUS LITIGANT

7

CASE NO. C-22-03958-NC

Richard L. Gillespie, Bar No. 275519
rgillespie@littler.com
Dominique N. Thomas, Bar No. 231464
dnthomas@littler.com
LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard,
Suite 600
Walnut Creek, California 94597
Telephone:    925.932.2468
Fax No.:    925.946.9809

Attorneys for Defendant
NAVY FEDERAL CREDIT UNION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYED NAZIM ALI,<br><br>Plaintiff,<br><br>v.<br><br>NAVY FEDERAL CREDIT UNION,<br><br>Defendant. | Case No. C-22-03958-NC<br><br>*Before the Honorable Nathanael Cousins*<br><br>**DEFENDANT NAVY FEDERAL'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS AND STRIKE PLAINTIFF'S COMPLAINT AND STAY DISCOVERY**<br><br>**[F.R.C.P. 12(b)(6) & 12(f)]**<br><br>Date:        September 28, 2022<br>Time:        1:00 p.m.<br>Courtroom:    5 – 4th Floor<br><br>Complaint Filed: July 5, 2022 |

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT'S REPLY ISO MOTION TO
DISMISS & STRIKE PLAINTIFF'S COMPLAINT

CASE NO.: C-22-03958-NC

## I. INTRODUCTION

Plaintiff Syed Nazim Ali's ("Plaintiff") Opposition (Dkt. 20 [cited hereafter as the "Opp."]) does nothing to counter the inescapable truth – his claims are all barred by section 205(d) of the Federal Credit Union Act (the "FCU"), codified at 12 U.S.C. § 1785 (herein after referred to as "Section 1785(d)"). As such, there is no basis upon which to seek relief.

In its Motion to Dismiss and Strike (Dkt. 17 [hereinafter the "Motion"]), Defendant Navy Federal Credit Union ("Navy Federal") clearly demonstrated how Section 1785(d) rendered Plaintiff unqualified for employment, and further established additional, incurable flaws with his claims. The Opposition ignores, and thus concedes, a number of these arguments. Of the arguments Plaintiff purports to address, his Opposition falls short, relying upon unsupported argument and repeated, conclusory claims.

For example, Plaintiff claims Section 1785(d) should be ignored because it is "vague, broad, [and] confusing." (Opp. at 6:19-22). Not only does Plaintiff wholly fail to provide any support for this unavailing assertion, but his argument also fails because it does not follow the tenants of statuary construction. Plaintiff focuses on only part of Section 1785(d), ignoring the rest, to argue – incorrectly – that it does not apply to him. He then attempts to further mislead the Court by claiming the statute only applies to officers, directors, or employees that engage with the public or handle money. But, Section 1785(d) does not include such limitations. On the contrary, Section 1785(d) applies to any and all individuals who wish to be employed by an insured credit union in any capacity.

Plaintiff likewise fails to provide any authority or analysis to explain why this Court should not grant Navy Federal's request to strike his claim for punitive damages. Plaintiff includes a mere two sentences on the topic, only to reiterate that, in his view, he stated sufficient facts to seek punitive damages under California law, Title VII, or the Americans with Disabilities Act. (Opp. at 14:14-26). In this same fashion, Plaintiff opposes Navy Federal's request for the Court to strike his redundant claims by declaring that "each re[talia]tion claim should count as a "'separate retaliatory and discrimination willful action.'" (Opp. at 15:6-7). But conclusions as legal arguments are not sufficient to overcome Navy Federal's legally supported Motion.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT'S REPLY ISO MOTION TO DISMISS & STRIKE PLAINTIFF'S COMPLAINT

1

CASE NO.: C-22-03958-NC

Overall, Plaintiff's assertions that his allegations and claims are sufficient, without any supporting authority are unconvincing. Moreover, his supporting declaration (Dkt. 20-1 [hereinafter the "Pl. Dec."]) is procedurally improper and includes arguments instead of facts to which he can attest. (*See* Defendants' concurrently filed objections to Plaintiff's Declaration and Supporting Evidence).[1]

Related to this point, Plaintiff additionally requests leave to amend, but does not provide any insight on how he can cure the insurmountable truth that Section 1785(d) bars his claims, or explain how he will overcome each of Navy Federal's other arguments. As such, dismissal without leave is appropriate. And because Plaintiff has not, and cannot, demonstrate he can state a claim for relief, he cannot be entitled to engage in discovery. His Opposition to Navy Federal's request for a discovery stay makes no showing on how discovery will overcome the numerous defects to his claim. Instead, allowing Plaintiff's fishing expedition when his claims are barred will only needlessly cause Navy Federal to incur more attorneys' fees and costs for claims that are defective on their face.

For all of the reasons set forth in the Motion and below, Navy Federal requests for the Court to dismiss Plaintiff's Complaint, in its entirety, with prejudice.

## II.    ARGUMENT

### A.    Plaintiff's Arguments Against Section 1785(d)'s Preclusive Effect Are Misplaced and Unpersuasive

#### 1.    The Statute's Plain Language Precludes Plaintiff's Continued Employment.

Section 1785(d)(1)(A)-(B) provides:

(A) *[A]ny person who has been convicted* of any criminal offense involving dishonesty or a breach of trust, or has agreed to enter into a pretrial diversion or similar program in connection with a prosecution for such offense, *may not—*

(i) become, or continue as, an institution-affiliated party with respect to any insured credit union; *or*

(ii) *otherwise participate, directly or indirectly, in the conduct of the affairs of any insured credit union*; and

---

[1] Plaintiff's declaration is also improper as it seeks to introduce extraneous arguments and documents outside of the Complaint, documents referenced in the Complaint, or documents subject to judicial notice.

LITTLER MENDELSON, P.C
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932 2468

DEFENDANT'S REPLY ISO MOTION TO
DISMISS & STRIKE PLAINTIFF'S COMPLAINT

2

CASE NO.: C-22-03958-NC

(B) any insured credit union may not permit any person referred to in subparagraph (A) to engage in any conduct or continue any relationship prohibited under such subparagraph.

12 USCS § 1785(d)(A)-(B) (*emphasis added*).

Plaintiff argues that the statute is "vague, broad, confusing and should not be applicable to this case, and the plaintiff['s] essential job functions working as [a] Cybersecuirty Engineer VI." (Opp. at 6:19-22). This argument, however, has no merit.

"The interpretation of a statutory provision must begin with the plain meaning of its language." *United States v. Flores*, 729 F.3d 910, 914 (9th Cir. 2013). "If the language has a plain meaning or is unambiguous, the statutory interpretation inquiry ends there." *CVS Health Corp. v. Vividus, LLC*, 878 F.3d 703, 706 (9th Cir. 2017). To determine plain meaning, "we examine not only the specific provision at issue, but also the structure of the statute as a whole, including its object and policy." *Children's Hosp. & Health Center v. Belshe*, 188 F.3d 1090, 1096 (9th Cir. 1999); *see also Mohamad v. Palestinian Auth.*, 566 U.S. 449, 454 (2012) ("[W]ords that can have more than one meaning are given content . . . by their surroundings"). "Where the words of the statute are clear, we may not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history." *Burden v. Snowden*, 2 Cal.4th 556, 562 (1992).

Plaintiff's attempt to break apart Section 1785(d) and read its phrases in isolation or add requirements is unavailing. Plaintiff claims that Section 1785(d) should not apply to him because his role and job duties at Navy Federal did not require him to work with the public. (Opp. at 6:24-27). However, Section 1785(d) does not include such a restriction. Section 1785(d)(1)(A) starts with the term "any person." The statute does not limit its application to any specified class of employee. Plaintiff also takes issue with the term "institution-affiliated party." (Opp. at 8:4-7).[2] However, when read with the rest of the statute, it is clear that the term is meant to encompass not only employees, but also contractors or others working with a credit union. *See* 12 USCS § 1785(d)(A). Moreover, even if the term was unclear, subsection (ii) from Section 1785(d)(1)(A) provides a further "catch-all"

---

[2] Plaintiff also misleads the court by providing a definition for the term "institution-affiliated party" from 12 USC § 1818(e)(5). (Opp. at 9:1-11). Section 1818(e) specifies that the definition's application is limited to subsection (e)(5) of section 1818, which deals with obtaining cease and desist orders for a depository's termination of insurance. 12 USC § 1818(e)(5).

LITTLER MENDELSON, P.C
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932 2468

DEFENDANT'S REPLY ISO MOTION TO DISMISS & STRIKE PLAINTIFF'S COMPLAINT

3

CASE NO.: C-22-03958-NC

provision to prohibit any person that has been convicted of any criminal offense involving dishonesty or a breach of trust from "participat[ing], directly or indirectly, in the conduct of the affairs of any insured credit union." *Id.* As such, Plaintiff's position that the statute should not apply to him because he is not an officer, director, and does not deal with the public or handle money is irrelevant and unsupported by the statute or case law.

Plaintiff also argues that the statute should not apply to his "falsely accused misdemeanor charge." (Opp. at 7:7-13). First, it is no longer a charge. The State of California through the Santa Clara Superior Court convicted Plaintiff on January 21, 2022, for the unauthorized practice of law in violation of California Business and Professions Code ("B&P") § 6126(a), and for trying to influence, intimidate or threaten a witness in violation of California Penal Code § 136.1(b)2. (Dkt. 17-1 at p. 17 [Exhibit C]; Dkt. 17-2). The fact that Plaintiff is appealing the convictions does not make them "false charges" or negate the convictions. *See* 84 Fed. Reg. 65,917 (Jan. 2, 2020) (explaining that a pending appeal of a conviction does not change the fact that there is still a conviction or exempt the credit union and employee from the requirements of Section 1785(d)).

Plaintiff next asserts that the unauthorized practice of law and attempting to influence, intimidate or threaten a witness are not offenses involving dishonesty or a breach of trust. This position is again unsupported. Business and Professions Code § 6126(a) was enacted to "ensure competency in the performance of certain services and to protect its members from exploitation[.]" *Howard v. Superior Court*, 52 Cal. App. 3d 722, 726 (1975). "The term 'practice of law' includes not only doing or performing services in a court of justice, but also the giving of legal advice and counsel and the preparation of legal instruments and contracts." *State Bar of California v. Super. Ct.*, 207 Cal. 323 (1929); *Crawford v. State Bar of California*, 54 Cal. 2d 659 (1960) ("Unauthorized practice of law includes mere holding out by layman that he is practicing or entitled to practice law").

Plaintiff's exploitation of his "clients" is shown throughout his tendered exhibits, including misleading statements on his website that he "has a great honor to present cases, orally argue, and represent complex civil rights matters before the [] Courts," that he has litigated complex civil litigations against top multi-national companies and their Super Star Top Lawyers. (*see* Dkt. 20-2 at p. 52-53 [Exhibit 5]). Further, his email signatory line for his client provides Juris Doctor in Law (L1-

LITTLER MENDELSON, P.C.
125 Trent Boulevard
Suite 650
Walnut Creek, CA 94597
925.932.2468

DEFENDANT'S REPLY ISO MOTION TO
DISMISS & STRIKE PLAINTIFF'S COMPLAINT

4

CASE NO.: C-22-03958-NC

Completed). (*Id.* at p. 79), and his current email (stated on the cover of each pleading in this action) is: alex@cyberlaw101.com. All of these statements and actions are misleading in inferring he is an attorney. This is dishonest. Moreover, attorneys are fiduciaries for their clients. *See Stanley v. Richmond*, 35 Cal.App.4th 1070, 1086, 1097 (1995) ("The scope of an attorney's fiduciary duty may be determined as a matter of law based on the Rules of Professional Conduct"). Plaintiff held himself out to the public that he was permitted to provide legal advice and therefore was a fiduciary. This is not only dishonest, but it is also a breach of his client's trust.

As stated above, Plaintiff was also convicted for attempting to influence, intimidate or threaten a witness from testifying or initiating a legal action in violation of California Penal Code § 136.1(b)2. This attempted impediment into the judicial process is another example of dishonesty, as Plaintiff was convicted for attempting to stifle Elizabeth Dudley from telling the truth about Plaintiff's illegal practice of law. (Dkt. 17-1 at p. 17 [Exhibit C]; Dkt. 17-2).

**2.     Navy Federal Does Not Have Discretion in Following Section 1785(d).**

In addition to Plaintiff's unworkable interpretation of Section 1785(d), he argues that it should not apply to him since he was a Cybersecurity Engineer. (Opp. at 6:19-27). Even if Plaintiff thinks the statute is unfair or unconstitutional, Navy Federal does not have the ability to pick and choose when to follow its requirements. The penalty for a knowing violation for Section 1785(d) includes a fine of up to one million dollars or up to five years of imprisonment. 12 USCS § 1785(d)(3). Plaintiff can challenge the statute or try to have it amended, but he cannot sustain his claims against Navy Federal for complying with Section 1785(d)'s legally required terms.

**3.     Section 1785(d) Bars Each of Plaintiff's Causes of Action**

As provided in Navy Federal's Motion, Section 1785(d) bars each of Plaintiff's causes of action by negating a required element. (Motion at 5:9-7:5). Plaintiff's first cause of action for retaliation for a misdemeanor charge directly conflicts with Section 1785(d)'s requirements.[3] (Motion at 7:6-19). Further, Plaintiff has actual criminal convictions, not charges, for the unauthorized practice of law and attempting to influence, intimidate or threaten a witness. (Dkt. 17-1 at p. 17 [Exhibit C];

_____

[3] This is in addition to Navy Federal's argument that there is no actual claim for retaliation of a misdemeanor charge, as there is no identified protected conduct. (Motion at 7:7-19).

LITTLER MENDELSON, P.C
Treat Towers
1455 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT'S REPLY ISO MOTION TO
DISMISS & STRIKE PLAINTIFF'S COMPLAINT     5     CASE NO.: C-22-03958-NC

Dkt. 17-2). Due to the convictions, under Section 1785(d), Plaintiff cannot work for Navy Federal.

Plaintiff's third, fourth, fifth, sixth, and seventh causes of action for different variations of retaliation fail because Section 1785(d) negates the required causation element for each retaliation claim. *See Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2534 (2013) ("a plaintiff making a retaliation claim . . . must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer."); *Gross v. FBL Financial Services, Inc.*, 557 U.S. 167, 176 (2009). Section 1785(d) legally requires Plaintiff's termination. As such, he cannot establish the needed causation element for a claim of illegal retaliation.

Plaintiff's second cause of action for the failure to stop retaliation is barred by Section 1785(d), since the statute precludes the underlying retaliation claims. *See Trujillo v. Northern County Transit Dist.*, 63 Cal.App.4th 280, 289 (1998) (a failure to prevent claim cannot be sustained when there was no underlying discrimination or retaliation); *see also Abdul-Haqq v. Kaiser Found. Hosp.*, 2015 U.S. Dist. LEXIS 8768, at *6 (N.D. Cal. Jan. 23, 2015) (same).

Plaintiff's wrongful termination and emotional distress causes of action similarly require a proximate cause element, which Navy Federal's compliance with Section 1785(d) negates. *Yau v. Allen*, 229 Cal.App.4th 144, 154 (2014) ("The elements of a claim for wrongful discharge in violation of public policy are . . . the termination was substantially motivated by a violation of public policy"); *Hughes v. Pair*, 46 Cal. 4th 1035, 1050-1051 (2009) (a claim for IIED requires "actual and proximate causation of the emotional distress by the defendant's outrageous conduct").

Section 1785(d) bars Plaintiff's eighth cause of action for the failure to make a reasonable accommodation, as once he was convicted of his crimes he was no longer legally "qualified" to work for Navy Federal. *See Snapp v. United Transp. Union*, 889 F.3d 1088, 1095 (9th Cir. 2018) (the plaintiff must be qualified for the position with or without a reasonable accommodation as one of the elements for a failure to accommodate claim).

Under Section 1785(d), Plaintiff's criminal convictions prohibit him from working or being affiliated with a federal credit union. This prohibition negates the necessary elements of causation and/or qualification for each of Plaintiff's causes of action. The required elements are readily apparent through Plaintiff's Complaint, his proffered exhibits, and Navy Federal's Request for Judicial Notice.

LITTLER MENDELSON, P.C
Third Towers
1255 Treat Boulevard
Suite 600
Walnut Creek CA 94597
925 932 2468

DEFENDANT'S REPLY ISO MOTION TO
DISMISS & STRIKE PLAINTIFF'S COMPLAINT          6          CASE NO.: C-22-03958-NC

**B.        Plaintiff Waived the Arguments He Failed to Address or Support with Authority**

Notably, the Opposition omits any counterargument to several key bases for the Motion and offers only conclusory statements that his causes of action should survive. Plaintiff waived any opposition to these arguments in the Motion by his failure to address them in his Opposition. *See Jenkins v. Cty. of Riverside*, 398 F.3d 1093, 1095, fn 4 (9th Cir. 2005) (plaintiff "abandoned her other two claims by not raising them in opposition to the County's motion"); *In re Online DVD Rental Antitrust Litig.*, 2011 WL 5883772, *12 (N.D. Cal. Nov. 23, 2011) (absent unusual circumstances, failure to respond to an argument on its merits "viewed as grounds for waiver or concession of the argument"); *accord Anderson v. City of Boston*, 375 F.3d 71, 91 (1st Cir. 2004) ("[w]hen a party includes no developed argumentation on a point . . . we treat the argument as waived under our well established rule."); *Tolbert v. Queens Coll.*, 242 F.3d 58, 75 (2d Cir. 2001) ("issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived").

Plaintiff failed to address Navy Federal's argument that his emotional distress claims are barred by the worker's compensation exclusive remedy rule. (Motion at 11:4-12:24). Moreover, he did not reply to Navy Federal's authority that the personnel management activities listed in the Complaint cannot by law be considered "extreme or outrageous" behavior to support claims for emotional distress. (Motion at 9:27-10:16). Last, he failed to address Navy Federal's arguments that there is no negligence cause of action to support a claim for negligent infliction of emotional distress ("NIED"), and that Plaintiff's allegations of intentional conduct cannot be the basis for a negligence claim. (Motion at 10:18–11:3).

Plaintiff addresses Navy Federal's other positions in a perfunctory fashion, stating only that the Complaint alleges sufficient facts to support each claim. (*See* Opp. at 10:20-21 [for the first cause of action of retaliation for a misdemeanor charge]; 11:3-4 [for the second cause of action of failure to stop retaliation]; 11:16-17, 12:8-16 [for the sixth and eighth causes of action for age retaliation/discrimination and failure to make a reasonable accommodation]; 13:12-13 [for the eleventh cause of action for NIED]. Plaintiff's repeated recitation that his Complaint states "sufficient

LITTLER MENDELSON, P.C
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932 2468

DEFENDANT'S REPLY ISO MOTION TO
DISMISS & STRIKE PLAINTIFF'S COMPLAINT

7

CASE NO.: C-22-03958-NC

facts" does not make it so. He fails to provide controlling or persuasive authority,[4] or offer any analysis in support of his arguments, and his conclusory statements are insufficient to sustain his claims.

Plaintiff's failure to address Navy Federal's arguments with supporting legal authority and analysis concedes the arguments. For this additional reason, Navy Federal's motion to dismiss must be granted.

### C.    Plaintiff's Arguments Against the Motion to Strike are Similarly Deficient

As an initial matter, Plaintiff's Opposition incorrectly claims that he will be entitled to seek attorney's fees. (Opp. at 5:8-11). First, Plaintiff's Complaint did not seek the recovery of attorney's fees. (*See* Dkt. 1 at 54:19-55:9 [Complaint's Prayer for Relief]). As such, Navy Federal did not address this point. However, Plaintiff is self-represented, and as such, may not seek or recover attorney's fees. *See Kay v. Ehrler*, 499 U.S. 432, 433-34 (1991); *Trope v. Katz*, 11 Cal.4th 274, 279-282 (1995).

Plaintiff also claims that he may seek punitive damages by again only stating in a conclusory fashion that he stated sufficient facts to seek punitive damages. (Opp. at 14:12-26). As discussed at length, this circular, conclusory logic does not provide argument or analysis necessary to support of such a position. He fails to address Navy Federal's position that the alleged conduct does not equate to the required showing of oppression, fraud, or malice, or that such conduct was committed, authorized or ratified by an officer director or managing agent. (Motion at 13:8-26). Plaintiff's failure to address these arguments again waives them. *See Anderson, supra*, 375 F.3d at 91.

Plaintiff similarly only dismisses the argument that his retaliation and NIED claims are not redundant. (Opp. at 15:7-11). Plaintiff's Complaint includes six causes of action for retaliation. Ignoring the other issues with these claims, five of the six causes of action are redundant and unnecessary. Similarly, Plaintiff's claim for NIED – in addition to its other failures – is repetitive to his tenth cause of action for intentional infliction of emotional distress ("IIED"). Plaintiff's statement that each cause of action should count as a "separate" claim does not identify how the claims are actually sufficiently separate or necessary. The redundancy can only muddy the waters, force the Court

---

[4] Even when Plaintiff provides authority, it is not on point and/or does not address Navy Federal's position. For instance, in opposition to Navy Federal's argument that there is no valid claim for retaliation of a misdemeanor charge, Plaintiff argues that Title VII of the Civil Rights Act provides protection. (Opp. at 10:17-22). Plaintiff however fails to identify how his misdemeanor convictions qualify as a protected category or a protected activity to fall under Title VII.

LITTLER MENDELSON, P.C
Tesh Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932 2468

DEFENDANT'S REPLY ISO MOTION TO
DISMISS & STRIKE PLAINTIFF'S COMPLAINT          8          CASE NO.: C-22-03958-NC

and Navy Federal to litigate through the repetitive and unnecessary issues, and will certainly confuse the jury. As such, the motion to strike is proper.[5]

### D.   Plaintiff Fails to Show how an Amendment will Cure the Defects

"Leave to amend is not automatic whenever a plaintiff loses a Rule 12 motion. To justify the request to amend, plaintiffs must explain what they can add to the complaint to overcome the fatal obstacles that exist. Otherwise, granting leave to amend amounts to a pure delay in the final disposition of the case." *See Brown v. Option One Mortg. Corp.*, 2010 WL 1267774, *5 (N.D. Cal. Apr. 1, 2010). Leave to amend should be denied if allegations of other facts cannot cure the deficiencies with the complaint. *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988).

Plaintiff requests leave to amend for a "fair and just opportunity to cure any potential deficiencies" (Opp. at 15:14-17), but fails to identify how he can cure the defects in his Complaint. And indeed, he cannot. Plaintiff cannot plead around the fact that he was convicted of two crimes or that Navy Federal must comply with Section 1785(d). He cannot ignore the fact that his Complaint identifies personnel management activities, which cannot be used to showed extreme or outrageous behavior for an emotional distress claim. He cannot negate the fact that he admitted to filing a worker's compensation claim for the same emotional distress that is at issue in this action, and as such, that the exclusive remedy rule precludes his claims.

Plaintiff did not even attempt to explain how an amendment will get past the numerous issues with his Complaint, because it is not possible. An amendment is futile and will only needlessly delay the disposition of the action. As such, Plaintiff's requested leave should be denied.

### E.   Discovery Should be Stayed Pending the Court's Decision

Plaintiff argues that discovery should continue since he already propounded discovery that will allegedly support his claims. First, Plaintiff's propounded discovery is untimely and violates FRCP 26. Rule 26(d) prohibits propounding or seeking discovery before the parties have met and conferred as required by FRCP 26(f). Moreover, Rule 34 requests are not considered served until the parties

---

[5] Plaintiff also improperly argues that a motion to strike under FRCP 12(f) is improper to remove the repetitive causes of action. (Opp. at 5:15-16). Navy Federal does seek to dismiss the retaliation and NIED causes of action under FRCP 12(b)6, but also seeks to strike them as redundant under FRCP 12(f). This is procedurally proper under *Hous. Cas. Co. v. Crum & Forster Ins. Co.*, 2016 U.S. Dist. LEXIS 114313 (E.D. Cal. Aug. 25, 2016). (*See* Motion at 14:21-15:3).

LITTLER MENDELSON, P.C
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek CA 94597
925 932 2468

DEFENDANT'S REPLY ISO MOTION TO
DISMISS & STRIKE PLAINTIFF'S COMPLAINT

9

CASE NO.: C-22-03958-NC

have participated in a Rule 26(f) conference. FRCP 26(d)(2) (B).

Second, Plaintiff fails to explain how any discovery can cure the multiple defects in his complaint that subject it to dismissal. Though, to this point, it is axiomatic that a plaintiff must state a proper claim for relief before being entitled to engage in discovery. *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("It is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery").

Third, Navy Federal's Motion to Strike and the concurrent Motion to Deem Plaintiff a vexatious litigant are each potentially dispositive of Plaintiff's entire action. *See In re Nexus 6p Prods. Liab. Litig.*, No., 2017 U.S. Dist. LEXIS 132698, *4 (N.D. Cal. Aug. 18, 2017) (detailing the two-part test to stay discovery pending the resolution of a motion to dismiss).[6] As such, if either of Navy Federal's motions are granted, the discovery will not assist the parties and will have only wasted time and caused Navy Federal to needlessly incur more fees and costs.

Plaintiff should first show that he can survive Navy Federal's motions before seeking discovery. His oppositions fail to proffer such a showing. As such, discovery should be stayed.

## III.   CONCLUSION

For the reasons provided above and in Navy Federal's opening Motion, Navy Federal respectfully requests for the Court to dismiss Plaintiff's Complaint in its entirety. Further, the Court should deny Plaintiff leave to amend since he did not and cannot show how the multiple defects in the Complaint may be cured.

Dated: September 7, 2022

LITTLER MENDELSON, P.C.

*/s/ Richard L. Gillespie*
Richard L. Gillespie
Dominique N. Thomas
Attorneys for Defendant
NAVY FEDERAL CREDIT UNION

4856-6050-1297.2 / 101367-1020

---

[6] Under *In re Nexus*, when ruling on a motion to stay discovery pending a motion to dismiss, the Ninth Circuit considers: (1) whether a pending motion will dispose of the entire case, or at least of the issue on which the discovery is directed; and (2) whether the motion to dismiss can be determined absent discovery.

LITTLER MENDELSON, P.C
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932 2468

DEFENDANT'S REPLY ISO MOTION TO
DISMISS & STRIKE PLAINTIFF'S COMPLAINT
10
CASE NO.: C-22-03958-NC

Richard L. Gillespie, Bar No. 275519
rgillespie@littler.com
Dominique N. Thomas, Bar No. 231464
dnthomas@littler.com
LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, California 94597
Telephone:    925.932.2468
Fax No.:      925.946.9809

Attorneys for Defendant
NAVY FEDERAL CREDIT UNION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYED NAZIM ALI, | Case No. C-22-03958-NC |
| Plaintiff, | *Before the Honorable Nathanael Cousins* |
| v. | **REPLY IN SUPPORT OF DEFENDANT NAVY FEDERAL CREDIT UNION'S MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT** |
| NAVY FEDERAL CREDIT UNION, | |
| Defendant. | Date:      Sept. 28, 2022<br>Time:      1:00 p.m.<br>Courtroom: 5 – 4th Floor |
| | Complaint Filed: July 5, 2022 |

LITTLER MENDELSON, P.C
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

REPLY IN SUPPORT OF DEFENDANT'S MOTION
TO DECLARE PLAINTIFF A VEXATIOUS
LITIGANT

CASE NO.  C-22-03958-NC

## I.    INTRODUCTION

Plaintiff Syed Nazim Ali ("Plaintiff"), with a frequency so clearly seen from any number of state and federal court dockets, endeavors to trap companies in endless litigation whenever he deems himself wronged, and nothing in his Opposition refutes the fact that his litigation tactics and harassment must be restrained by an order declaring him a vexatious litigant. Plaintiff, relying improperly on the standard used to award attorney's fees to a prevailing defendant, contends he is not a vexatious litigant because his current lawsuit is sufficiently pled. However, as this Court is aware, such a claim is doubtful given the prohibitions of section 205(d) of the Federal Credit Union Act (the "FCU"), codified at 12 U.S.C. § 1785, discussed more fully in Defendant Navy Federal Credit Union's Motion to Dismiss and Strike (Dkt. No. 17). Plaintiff's belief aside, more telling of the need of an order declaring him a vexatious litigant is Plaintiff's reliance upon his abusive and harassing litigation tactics. Specifically, in a misguided effort to avoid a finding from this Court that he is a vexatious litigant, Plaintiff claims he has been, at times, successful in extracting settlement payments from those he chooses to embroil in litigation. A closer look at this claim reveals that, frequently, Plaintiff traps these defendants in litigation, and following the dismissal of his initial lawsuits on the merits, he repeatedly targets those companies with subsequent, duplicative lawsuits, presumably until they are left with no choice but to settle to avoid litigation in perpetuity. This type of conduct not only costs the companies, but it drains needlessly the resources of the court. The vexatious litigant designation was designed to restrain the kind of abusive litigation tactics exploited by Plaintiff.

## II.    LEGAL ARGUMENT

### A.    Plaintiff's Litigation Tactics Are Harassing

As discussed in Navy Federal's moving papers, a district court can impose pre-filing restrictions if a litigant's activities are either frivolous or harassing. *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). The Court should grant Navy Federal's instant motion because Plaintiff's litigation tactics are unquestionably harassing.

In its moving papers, Navy Federal described, by way of example, the tactics Plaintiff used against Synaptics, Inc. In that case, Plaintiff filed a discrimination lawsuit, which was dismissed by

LITTLER MENDELSON, P.C
Treat Towers
· 1255 Treat Blvd Nevard
Ste 650
Walnut Creek CA 94597
925 932 2468

REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO DECLARE
PLAINTIFF A VEXATIOUS LITIGANT

1                        CASE NO.  C-22-03958-NC

Your Honor. He appealed and lost. *Ali v. Synaptics, Inc.*, 796 Fed. Appx. 464 (9th Cir. 2020) (affirming dismissal of discrimination, retaliation, wrongful termination, and intentional infliction of emotional distress claims). Plaintiff then filed a state-court action based on the same allegations, which was predictably dismissed. (*See* Dkt. No. 19 [hereinafter "RJN"] at Exhibit 31). Then, once again, he appealed and lost. *Ali v. Synaptics Inc.*, Case No. H047483, 2022 WL 325910, at *6 (Cal. Ct. App. Feb. 3, 2022) (affirming trial court order sustaining demurrer). At each stage, Synaptics, Inc. and the courts had to expend time and resources. Yet, Plaintiff was not deterred. Unbelievably, on July 18, 2022, Plaintiff filed a third lawsuit against Synaptics, Inc. (RJN Ex. 30).

In his Opposition, Plaintiff focuses on the fact that this Court did not find his initial lawsuit against Synaptics, Inc. to be frivolous – though he implicitly acknowledges this Court found his litigation history concerning –Plaintiff ignores the harassing conduct that followed the initial lawsuit, conduct that Plaintiff's litigation history proves is a pattern of behavior.[1] This pattern evinces why a vexatious litigant designation is justified here. To be sure, the *Synaptics* cases Plaintiff filed followed the same pattern of lawsuits he filed against Apple. Specifically, in 2018, Plaintiff filed a discrimination and retaliation lawsuit against Apple Inc. (RJN Ex. 14). Just as he alleges in the instant lawsuit against Navy Federal, Plaintiff alleged that Apple discriminated and retaliated against him on the basis of his race, national origin, and age. (*Id.* ¶¶ 14, 34, 51, 68, 77-78, 118-119). District Court Judge Seeborg dismissed Plaintiff's complaint in its entirety with prejudice for failure to state a claim. *Ali v. Apple Inc.*, Case No. 3:18-CV-03945 RS (N.D. Cal. Nov. 26, 2018). Then Plaintiff filed an appeal and lost. *Ali v. Apple Inc.*, 797 Fed. Appx. 316 (9th Cir. Mar. 9, 2020). In 2019, Plaintiff filed a second lawsuit against Apple in state court. (RJN Ex. 24). After the court dismissed this second lawsuit, Plaintiff filed a third lawsuit against Apple on March 10, 2022, repeating his discrimination and retaliation allegations. (*See* RJN Ex. 34).

---

[1] In an effort to disclaim a pattern of conduct, Plaintiff asserts, in his declaration filed under penalty of perjury, that he was not a party to the three lawsuits involving Global eBusiness Services, Inc. (Dkt. No. 21-2 [hereinafter "Pl. Opp. Exhibits"] at Exhibit 11). Plaintiff's statement is false. These lawsuits name Plaintiff as a plaintiff, representing himself. (RJN Exs. 17, 18, 19). In the 2017 Complaint, Plaintiff stated that "Syed Nazim Ali is the President of Global eBusiness Services, Inc." (RJN Ex. 17 at ¶1).

LITTLER MENDELSON, P.C
Treat Towers
1255 Treat Blvd Second
Suite C60
Walnut Creek, CA 94597
925.932.2468

Plaintiff has also targeted Cisco Systems, Inc. In 2018, Plaintiff filed a lawsuit against Cisco, alleging race, national origin, and age discrimination. (RJN Ex. 10). District Court Judge Saundra Brown Armstrong dismissed Plaintiff's federal discrimination claims and remanded his state-law claims. *Ali v. Cisco Systems, Inc.*, Case No. 18-CV-04946 SBA, 2019 WL 582462 (N.D. Cal. Feb. 13, 2019). Following remand, in an order dated February 4, 2020, the state court sustained Cisco's demurrer to Plaintiff's complaint without leave to amend. *Ali v. Cisco Systems, Inc.*, Case No. H049390, 2022 WL 2801175, at *1 n.1 (Cal. Ct. App. Jul. 18, 2022). Plaintiff appealed the state-court's order, abandoned his appeal, and then lost in his efforts to reinstate the appeal. *Id.* (affirming trial court order denying motion to reinstate appeal). In the meantime, Plaintiff had already filed a second lawsuit against Cisco in state court, asserting claims for fraud, promissory estoppel, and interference with prospective economic advantage, which repeat the same allegations that were dismissed by the federal and state courts. (RJN Ex. 26).

Overall, as the foregoing demonstrates, Plaintiff's complaints often are soundly rejected by courts, only for him to relitigate the issues in subsequent pleadings. This conduct is not only concerning, but it is harassing, and shows no sign of stopping without Court intervention. Simply, it should be curbed with a pre-filing restriction. And because Navy Federal has a pending motion to dismiss Plaintiff's complaint, when Plaintiff's complaint is dismissed – as Plaintiff's previous complaints have been – Plaintiff should not be allowed to harass any more litigants, including Navy Federal, with subsequent lawsuits that relitigate issues and cause the parties and the court to incur unnecessary expenditure of time and resources.

**B.**     **Plaintiff's Litigation Tactics Show a Lack of Good Faith**

Plaintiff's tactics and the predictable dismissal of his lawsuits evince bad faith. Plaintiff brags that he "has successfully **settled and resolved 17 litigations out of 28 lawsuits** over a period of 7 years." (Pl's. Opp'n at 6:20-21) (emphasis in original). But he fails to appreciate the nature of settlements when he says that his record shows a "**60% successful outcome** on merit of each case." (*Id.* at 21) (emphasis in original). The targeted defendants' decisions to settle Plaintiff's lawsuits do not speak to the merit of his cases. Businesses routinely settle lawsuits for reasons other than the merits

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT          3          CASE NO. C-22-03958-NC

of a case, particularly where the cost to prove the case is meritless outweighs the cost of the settlement. In fact, as Plaintiff's Exhibit 11 shows, some defendants, like FusionStorm, Inc., prevailed on motions to dismiss and summary judgment motions but decided to settle the case rather than continue to litigate. (Dkt. No. 21-2 at 149-150; RJN Ex. 34 at 4:7-9).[2] Plaintiff preys on this scenario, targeting companies to extract settlements where he has no reasonable and good faith expectation of prevailing in his lawsuit given his repeated failure to do so against that same target. He should not now be able to extol his abusive tactics to avoid an order finding him a vexatious litigant.

Because the procedural and substantive factors are satisfied, the Court should issue an order finding that Plaintiff is a vexatious litigant.

## III.    CONCLUSION

For the foregoing reasons, as well as the reasons articulated in Navy Federal's moving papers, Navy Federal respectfully requests an order: (1) declaring Plaintiff a vexatious litigant; (2) prohibiting Plaintiff from filing new litigation without leave of court; and (3) staying this matter, including all discovery, until the Court rules on this motion and Defendant's motion to dismiss Plaintiff's complaint.

Dated:  September 7, 2022                    LITTLER MENDELSON, P.C.


                                            /s/ Dominique N. Thomas
                                            Richard L. Gillespie
                                            Dominique N. Thomas
                                            Attorneys for Defendant
                                            NAVY FEDERAL CREDIT UNION

4875-9087-5697.1 / 101367-1020

---

[2] In Plaintiff's Exhibit 11, Plaintiff also concedes that nine of his prior lawsuits were "[d]ismissed without [l]egal [d]iscovery." (Pl. Opp. Exhibits at Exhibit 11).

LITTLER MENDELSON, P.C
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek CA 94597
925 932 2468
REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO DECLARE                    4                    CASE NO. C-22-03958-NC
PLAINTIFF A VEXATIOUS LITIGANT

# EXHIBIT # C

SYED NAZIM ALI
PRO PER
65 Washington St. Suite # 225
Santa Clara, CA 95050
Phone: (408) 372- 1150
Email: Alex@Cyberlaw101.Com

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

SYED NAZIM ALI
   PLAINTIFF

vs.

NAVY FEDERAL CREDIT UNION,

              DEFENDANT.

CASE NO.: C-22-03958-NC

**PLAINTIFF'S OPPOSITION TO DEFENDANT MOTION TO DISMISS AND MOTION TO STRIKE PLAINTIFF'S COMPLAINT AND STAY DISCOVERY**

Filed concurrently with Declaration of Syed Nazim Ali in Support of ALI Opposition Memorandum of Points and Authorities]

**Date: September 28, 2022**
**Time: 1:00 p.m**
**Courtroom: 5- 4ᵗʰ Floor**

**Complaint Filed: July 5, 2022**

**Trial Date: None Set**

## INTRODUCTION

Defendant Navy Federal. ("Defendant") has moved to Court d Defendant requests, under Federal Rules of Civil Procedure ("FRCP") 12(b)6, for the Court to dismiss Plaintiff's Complaint on the ground that it fails to state facts upon which relief can be granted. Navy Federal also moves under FRCP 12(f) to strike Plaintiff's request for punitive damages because Plaintiff's allegations fail to satisfy the relevant pleading standards and stay discovery to conceal digital material facts and

- 1 -

evidence (texts messages, email communications, and Webex meetings) which the plaintiff discovery has served to Defendant on August 7, 2022.

As described below, the complaint alleges in detail each cause of action in Complaint which complies with Rule12(b)(6). Moreover, the complaint contains more than sufficient detail to meet the pleading requirement. Tellingly, Defendant must bolster its legal arguments with blatant pretext labeling the plaintiff role with and persistent mischaracterizations of Plaintiffs' claims, and Plaintiffs want to set the record straight at the outset that he has a plausible claim. At this stage, the complaint states more than sufficient facts showing that the Defendant committed multiple acts of workplace retaliation, discrimination against Plaintiff. The Court is therefore requested to deny the motion to dismiss, motion to strike, and motion to stay discovery.

## STATEMENT OF FACTS

ALI was a full-time employee with Navy Federal Credit Union. This lawsuit case arises from a wrongful retaliatory termination action and discrimination., due to the plaintiff criminal misdemeanor charge showed up in background check on November 3, 2020.  Defendant has requested to plaintiff to provide more information, plaintiff has provided (See Plaintiff Exhibit # 4-5) Defendants, Greg Maier, Assistant Vice President, and Brian Christo, Security Manager have misused and abused, obtain information, and used against the plaintiff by induced a series of disparate and discriminatory retaliatory adverse actions, developed a toxic and hostile retaliatory work environment and put ALI on EXIT PATH (QUIT) his job voluntary.

On and abut From November 16, 2020, to June 24, 2021, Plaintiff was subject to a disparate treatments Navy Federal Credit Union (NFCU) Management (Human Resources, Legal, and Hiring IT Management (Greg Maier, Assistant Vice President) and Brian Christo, Security Manager) , which was unlawful, willful, severe, toxic, hostile and led to impacting **ALI physical, emotional, mental, and psychological wellbeing** by a series of willful misconduct and malicious retaliatory

- 2 -

(ALI V. NAVY FEDERAL)
PLAINTIFF'S OPPOSITION TO DEFENDANT MOTION TO DISMISS, STRIKE AND STAY DISCOVERY

actions that included but not limited to unreasonable demands, humiliation, criticism, blame of error, abuse of control, abuse of authority denying access to resources, information, and denied training, controlling and restricting access to communication, restricting and controlling the communication, limited the access to publicly available resources for improve and advancement, daily verbal, textual, and email communication criticisms, bullying, harassment, gate keeper controlling, limited and harassing to applying other jobs within Navy Federal.

Navy Federal launched such harsh and willful misconduct and malicious retaliatory actions due to plaintiff criminal charge, prior lawsuits histories, which has exposed the plaintiff medical disabilities and age, which used against the plaintiff.

ALI has sought medical help from Dr. Julian Lagoy, Psychiatrist, who has taken off ALI on medical leave to avoid stroke and heart attack given hostile environment on June 24, 2021.

On and about June 1, 2022, Defendant also come to known that plaintiff has exposed to Covid-19 on and about May 30, 2021, and defendant has abused, misused this information to constructively retaliate and terminate, recklessly and wrongfully terminated he plaintiff employment on July 1, 2022, on pretextual excuse.

Defendant has constructively and wrongfully terminated ALI employment on July 1, 2020 on pretextual applying Subsection (d)(1)(A)-(B) of Section 1785 of Title 12 of the United States. The statute which pretextual applied by the Defendant continued willful, severe, disparate, and discriminatory retaliatory adverse actions.

## STANDARD OF REVIEW

### Legal Standard of Review for Motion to Dismiss

Under Rule 12(b)(6), the Court may dismiss a complaint if it fails to "state a claim upon which relief can be granted." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); see Fed. R. Civ. P. 12(b)(6). Motions to dismiss under Rule 12(b)(6) should be granted only when there are insufficient facts to state a claim for relief "that is plausible on its face." *Twombly*, 550 U.S. at 570.

- 3 -
(ALI V. NAVY FEDERAL)
PLAINTIFF'S OPPOSITION TO DEFENDANT MOTION TO DISMISS, STRIKE AND STAY DISCOVERY

In *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), the Supreme Court clarified that the *Twombly* plausibility pleadings standard applies to "all civil actions." *Iqbal*, 129 S. Ct. at 1953. Plaintiff's Complaint fully meets this pleading standard. A plaintiff is not required to prove factual allegations are true at the pleading stage. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

A motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") is viewed with disfavor by the courts and is rarely granted. *Gilligan v. Jamco Develop. Corp.*, 197 F.3d 246, 249 (9th Cir. 1997) A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 248 citing *Conley v. Gibson*, 355 U.S. 41, 45-45 (1957) In considering a motion to dismiss, courts must accept as true all allegations in the complaint and construe them in the light most favorable to the plaintiff. Twombly, 550 U.S. at 545; *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1021 (9th Cir. 2001).

Dismissal of a claim under Rule 12(b)(6) is appropriate only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory or where the complaint presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir.1984). In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir.2002).

(ALI V. NAVY FEDERAL)
PLAINTIFF'S OPPOSITION TO DEFENDANT MOTION TO DISMISS, STRIKE AND STAY DISCOVERY

## Legal Standard for Motion to Strike

FRCP Rule 12(f) does not authorize courts to strike such matters as requests for damages or requests for counsel fees. Rule 12(f) states that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial...." *Whittlestone, Inc. v. Handi-Craft Company*, 618 F.3d 970, 973 (9th Cir. 2010) quoting *Fantasy, Inc. v. Fogerty*, 984 F. 2d 1524, 1527 (9th Cir. 1993)  Where, as here, the issue of whether and to what extent the Plaintiff will be entitled to claim attorneys' fees will depend on the development of the facts of the case and understanding the full extent of the Defendant's infringing activity. Such a claim is not redundant, immaterial, impertinent or scandalous. This Court cannot rely on a supporting declaration of a Defendant who alleges that all of his acts of infringement fall outside the scope of what the statute permits as a basis for granting a motion to strike. Courts may not resolve "disputed and substantial factual or legal issue[s] in deciding ... a motion to strike." Whittlestone, Inc., 618 F. 3d at 973.

Where a defendant seeks to challenge the sufficiency of factual allegations in a complaint, it must do so through a Rule 12(b)(6) motion, not a Rule 12(f) motion. *Kelley v. Corr. Corp. of Am.*, 750 F. Supp. 2d 1132, 1146 (E.D. Cal. 2010) (citing Consumer Solutions REO, *LLC v. Hillery*, 658 F. Supp. 2d 1002, 1020 (N.D. Cal. 2009)). "[W]here a motion is in substance a Rule 12(b)(6) motion, but is incorrectly denominated as a Rule 12(f) motion, a court may convert the improperly designated 12(f) motion into a Rule 12(b)(6) motion." Id. (citing *Consumer Solutions*, 658 F. Supp. 2d at 1021).

## THE PLAINTIFF'S OPPOSING ARGUMENTS

(ALI V. NAVY FEDERAL)
PLAINTIFF'S OPPOSITION TO DEFENDANT MOTION TO DISMISS, STRIKE AND STAY DISCOVERY

The following issues and opposition legal argument be presented before this court:

**A. Plaintiff's Complaint and Each Cause of Action Should be Not Be Dismissed and Section 1785(d) Should Not Bar Each of Plaintiff's ALL Causes of Actions**

**(A) [A]ny person who has been convicted of any criminal offense involving dishonesty or a breach of trust, or has agreed to enter into a pretrial diversion or similar program in connection with a prosecution for such offense, may not—(i) become, or continue as, an institution-affiliated party with respect to any insured credit union; or (ii) otherwise participate, directly or indirectly, in the conduct of the affairs of any insured credit union; and**

**(B) any insured credit union may not permit any person referred to in subparagraph (A) to engage in any conduct or continue any relationship prohibited under such subparagraph.**

## THE PLAINTIFF'S OPPOSING ARGUMENTS

1. Plaintiff should not be barred Section 1785(d) as Defendant has failed to illustrate statue Section 1785(d) which is vague, broad, confusing and should not be applicable to this case, and the plaintiff essential job functions working as Cybersecurity Engineer VI.

2. As Plaintiff job duties, nor his professional working history experience relate to and/or interacts with Navy Federal pubic facing business customers or consumers related to ANY financial business handling activities, money handling, or financial related transactions

- 6 -

3. Plaintiff ALL claims should not be barred under Section 1785(d) as Defendant has failed to illustrate how **"Honesty or "Breach of trust"** relationship with the plaintiff job duties working as a Cybersecurity Engineer VI (See Plaintiff Exhibits # 1-2) working in this technical role.

4. Plaintiff should not be barred Section 1785(d) as Defendant has failed to illustrate and connect how the plaintiff falsely accused misdemeanor charge, in violation of California Business and Professions Code ("B&P") § 6126(a) for Unauthorized Practice of Law (UPL) links to Section 1785(d) in context of "Honesty or "Breach of trust. And connect to his job duties functions. The criminal charge has been appealed on its merits., Court of Appeal Sixth District Case No, 22AP002784.

5. Plaintiff should not be barred Section 1785(d) as Defendant has failed to illustrate that the plaintiff falsely accused misdemeanor charge of trying to influence, intimidate or threaten a witness in violation of California Penal Code § 136.1(b)2.) links Section 1785(d) in context of "Honesty or "Breach of trust". The case has been appealed on its merits., California Court of Appeal, Sixth District Case No, 22AP002784.

6. Plaintiff should not be barred under Section 1785(d) as Defendant has failed to illustrate that the plaintiff falsely accused misdemeanor charged, which arose out of his legal service contract, in relate to **"non-refundable fee dispute"**, and how links to Section 1785(d) in context of "Honesty or "Breach of trust" and how it links to working as a Cybersecurity Engineer VI (See Plaintiff Exhibits # 1-2) technical role. **(See Plaintiff Exhibit RJN # 5, DOC#66).** The case has been

- 7 -

appealed on its merits., California Court of Appeal, Sixth District Case No, 22AP002784.

7. Plaintiff should not be barred under Section 1785(d) as that the plaintiff was a full-time employee of the Navy Federal, plaintiff was not working as an institution-affiliated party and how it links Section 1785(d) in context of "Honesty or "Breach of trust.

8. Plaintiff should not be barred under Section 1785(d) as 1) that the plaintiff does not hold any position as an Defendant officer employee with management functions job duties, or 2) does not work as a Director honorary director, a trustee of a depository institution under the control of trustees, or any person who has a representative or nominee serving in any such capacity and/or is not an institution-affiliated party which defendant cannot link the pretextual statute Section 1785(d) in context of "Honesty or "Breach of trust.

9. Plaintiff should not be barred Section 1785(d) as he is an employee not the officer of the company nor interact with ANY money or financial handling activities or job function does not work as Cashier, or Branch Manager who handle and process the money or business-related transactions

Here Plaintiff provides the following definition of the "Institution-Affiliated Party", "Breach of Trust", and "Honesty" before this Court to support his legal position that plaintiff ALL claims should not be barred Section 1785(d).

[ Institution-Affiliated Party]

- 8 -
(ALI V. NAVY FEDERAL)
PLAINTIFF'S OPPOSITION TO DEFENDANT MOTION TO DISMISS, STRIKE AND STAY DISCOVERY

(5) For the purpose of enforcing any law, rule, regulation, or cease-and-desist order in connection with an interlocking relationship, the term "officer" within the term "institution-affiliated party" as used in this subsection means **an employee or officer with management functions,** and the term "director" within the term "institution-affiliated party" as used in this subsection includes an advisory or honorary director, a trustee of a depository institution under the control of trustees, or any person who has a representative or nominee serving in any such capacity]

**https://www.law.cornell.edu/definitions/uscode.php?width=840&height=800 &iframe=true&def_id=12-USC-696726962- 1621576917&term_occur=999&term_src=**

## [Breach of Trust]

Breach of trust in legal contexts refers to breaking the rules of a trust or a person taking advantage of property given to them for a period of time. Trusts have multiple explicit delineations of property and rules which a trustee must follow, and a breach of trust occurs where the trustee or someone else breaks these rules. Beneficiaries may be able to get monetary damages or equitable remedy for breaches of trust. Breach of trust can also refer to when an owner allows someone to borrow or periodically control their property and that person steals or inappropriately uses the property. For example, a breach of trust would occur if you paid a valet to park your vehicle, and the valet drove your vehicle around the city.

**https://www.law.cornell.edu/wex/breach_of_trust**

## [Honesty]

Definition of honesty

noun, plural hon·es·ties.

the quality or fact of being honest; uprightness and fairness.

truthfulness, sincerity, or frankness.

freedom from deceit or fraud.

Botany. a plant, Lunaria annua, of the mustard family, having clusters of purple flowers and semitransparent, satiny pods.

Obsolete. chastity.

**https://www.dictionary.com/browse/honesty**

Therefore, Court should deny applicability of Section 1785(d) on plaintiff job function and duties.

## THE PLAINTIFF'S OPPOSING ARGUMENTS

1. **There is Cognizable Legal Theory for Plaintiff's First Cause of Action and ALL other claims**

Title VII of Civil Right Act provides protection to plaintiff against the Defendant willful, severe, disparate, and discriminatory retaliatory adverse actions which had taken place from the time of his employment, during the course of his employment, till wrongful termination, . Plaintiff has pleaded sufficient facts to support this claim (See Compl. at ¶¶ 11-98, Ex 1-5), and (See Plaintiff Exhibit 4-5) to sustain this claim of retaliation Title VII of Civil Right Act.

## THE PLAINTIFF'S OPPOSING ARGUMENTS

**There is Valid Cause of Action for Retaliation**

(ALI V. NAVY FEDERAL)
PLAINTIFF'S OPPOSITION TO DEFENDANT MOTION TO DISMISS, STRIKE AND STAY DISCOVERY

1. Title VII of Civil Right Act provides protection to plaintiff against the Defendant willful, severe, disparate, and **discriminatory retaliatory** adverse actions. Plaintiff has pleaded sufficient facts and evidentiary material facts to support this claim (See Compl. at ¶¶ 17, 25, 28, 38, 39, 40, 69, and 111-113).

2. Defendant Human Resource has taken no action to stop the workplace unlawful retaliation be Defendants, Greg Maier, Assistant Vice President, and Brian Christo, Security Manager due to their well-planned willful, severe, disparate, and discriminatory retaliatory adverse actions against the plaintiff.

## THE PLAINTIFF'S OPPOSING ARGUMENTS

**Plaintiff's Had a Qualified for the Position. Plaintiff Age Retaliation and Failure to Accommodate Medical Accommodation Claims Have Merits**

1. Plaintiff should not be barred **Section 1785(d)** as Defendant has failed to link the **"Honesty or "Breach of trust"** relationship with the plaintiff job duties working as a Cybersecurity Engineer VI **(See Plaintiff Exhibit RJN # 1-2).** Plaintiff has pleaded sufficient facts to support this claim (See Compl. at ¶¶ 11-98).

2. Under the Title VII of Civil Right Act, plaintiff has charged with EEOC has filed for retaliation, disability and age (Compl., Exhibit# 5).

## THE PLAINTIFF'S OPPOSING ARGUMENTS

**Plaintiff has stated sufficient facts to support Plaintiff's Age Retaliation and Failure to Accommodate Claims Fail, as Plaintiff was employed and qualified for the position.**

1. Federal and California Civil Rights Act of 1866, 42 U.S. C. § 1981, as amended by the Civil Rights Act of 1991("Section 1981"); Title VII of the Civil Rights

- 11 -

Act of 1964, 42 U.S.C. §§ 2000e, et. seq. Violation of Labor Code 4553, Violation of Labor Code 132a, the California Fair Employment and Housing Act, Government Code §§ 12940, et seq and Age Discrimination in Employment Act, 29 U.S.C.A. § 621, et seq. ("ADEA"); and parallel California law. provides protection to plaintiff against the Defendant willful, severe, disparate, and **discriminatory retaliatory** adverse actions.

2. Plaintiff has filed charge of discrimination charged with EEOC against the defendant for **retaliation, disability, and age** (See Comp., Exhibit# 5). Plaintiff is qualified for the position. Plaintiff has pleaded sufficient facts and evidentiary material facts to support this claim (See Compl. at ¶¶ 11-98).

**THE PLAINTIFF'S OPPOSING ARGUMENTS**

**Plaintiff has stated sufficient facts to support Reasonable Accommodate Claim.**

1. Plaintiff has pleaded sufficient facts to support this claim (See Compl. at ¶¶ 75-82) and (Compl., Exhibit# 2-4)

**THE PLAINTIFF'S OPPOSING ARGUMENTS**

**Plaintiff has stated sufficient facts to support Emotional Distress Claims**

    **A. There are Number of Extreme or Outrageous Behaviors by Defendants Willful and Retaliatory Adverse Actions Against Plaintiff**

    1. Plaintiff has suffered ALI's physical, emotional, mental, and psychological health work-related injuries and pleaded sufficient facts to support this claim (See Compl. at ¶¶ 25, 26, 28, 31, 33, 34, 36, 38, 40, 62-64, 70) and (Compl., Exhibit# 2-4) and (See Plaintiff Exhibit # 7, 9) and Copy of Dr, Lagoy medical records, will illustrate such

(ALI V. NAVY FEDERAL)
PLAINTIFF'S OPPOSITION TO DEFENDANT MOTION TO DISMISS, STRIKE AND STAY DISCOVERY

extreme and outrage behavior Defendant adverse action and how it has impacted and has harmed the plaintiff.

During November 14, 2020, through June 24, 2021, ALI sought medical treatments and regular therapies from Dr. Julian Lagoy, Adult Psychiatrist at Community Psychiatry to overcome the workplace challenges which caused severe depressions and other mental illness induced by (Greg Maier, Assistant Vice President) and Brian Christo, Security Manager) at Navy Federal Credit Union (NFCU).

B. **Plaintiff has stated sufficient facts to support NIED Claim**

2. Plaintiff has suffered ALI's physical, emotional, mental, and psychological health work-related injuries and pleaded sufficient facts to support this claim (See Compl. at ¶¶ 25, 26, 28, 31, 33, 34, 36, 38, 40, 62-64, 70) and (Compl., Exhibit# 2-4) and (See Plaintiff Exhibit # 7, 9).

C. **Plaintiff has stated sufficient facts to support, and plaintiff should not be Barred the Emotional Distress Claims**

3. Plaintiff has suffered ALI's physical, emotional, mental, and psychological health work-related injuries and pleaded sufficient facts to support this claim (See Compl. at ¶¶ 25, 26, 28, 31, 33, 34, 36, 38, 40, 62-64, 70) and (Compl., Exhibit# 2-4) and (See Plaintiff Exhibit # 7, 9). Copy of Dr, Lagoy medical records, will illustrate such extreme and outrage behavior Defendant adverse action and how it has impacted

- 13 -

(ALI V. NAVY FEDERAL)
PLAINTIFF'S OPPOSITION TO DEFENDANT MOTION TO DISMISS, STRIKE AND STAY DISCOVERY

and has harmed the plaintiff.

4. Plaintiff should not be bars from emotional distress claims from Defendant willful, severe, disparate, and discriminatory retaliatory adverse actions for which the law permits All legal remedies.

## THE PLAINTIFF'S OPPOSING ARGUMENTS

1. **Plaintiff has stated sufficient facts and Complaint is not subject to a motion to strike Under Rule 12(f)**

   D. **Plaintiff Meets California, Title VII, or ADA Punitive Damages Standards**

   1. The California Standard for Punitive Damages

      Plaintiff has suffered ALI's physical, emotional, mental, and psychological health work-related injuries and pleaded sufficient facts to support this claim (See Comp. at (See Comp. at ¶¶ 25, 26, 28, 31, 33, 34, 36, 38, 40, 43, 51, 58, 62-64, 67,70, and 76-82) and (Comp., Exhibits # 2-4) and (See Plaintiff Exhibits # 7, 9).

      **Plaintiff has stated sufficient facts and is entitled to seek *Title VII and ADA Punitive Damages***

      1. Plaintiff has suffered ALI's physical, emotional, mental, and psychological health work-related injuries and pleaded sufficient facts to support this claim (See Comp. at ¶¶ 25, 26, 28, 31, 33, 34, 36, 38, 40, 62-64, 70) and (Comp., Exhibit# 2-4) and (See

- 14 -

Plaintiff Exhibit # 7, 9).

**Plaintiff has stated sufficient facts for each Act of Retaliation and NIED Claims are Not Redundant**

1. Plaintiff each reaction claims should count each as a "separate retaliatory, and discrimination willful action", as Defendant willful, severe, disparate, and discriminatory retaliatory adverse action to harm the plaintiff. See Comp. at ¶¶ 25, 26, 28, 31, 33, 34, 36, 38, 40, 62-64, 70.

**Plaintiff Should Be Granted Leave to Amend his Complaint**

1. Plaintiff should be grant leave to amend the complaint should Court finds necessary to secure plaintiff legal right for a fair and just opportunity to cure any potential deficiencies by incorporating additional information.

**Discovery Should be Continued Discovery in this case Seek Relevant and Discoverable Information**

1. Under FRCP Rule 34, Plaintiff is entitled to seek relevant and discoverable information to support his ALL-legal claim.

On August 7, 2022, Plaintiff has served Discovery, Request for Production (RFP), Set 1, Nos. 1-21 seeking at-issue and non-privileged information (texts messages, email communications, and Webex meetings recording) evidence to support alleged in See Comp. at ¶¶ 25, 26, 28, 31, 33, 34, 36, 38, 40, 62-64, 70. (See Plaintiff Exhibit # 9).

- 15 -

Defendants know that such information would support the plaintiff position and weaken the Defendant legal standing.

## CONCLUSION

In light of this plaintiff opposition, plaintiff declaration, support exhibits # 1-14), Plaintiff respectfully requests the Court to deny the motion to dismiss, deny motion to strike the complaint, and deny motion to stay discovery entirely or in the alternative, grant leave to amendment complaint.

Respectfully Submitted,

Syed Nazim Ali, Pro Se

DATED: August 31, 2022

- 16 -
(ALI V. NAVY FEDERAL)
PLAINTIFF'S OPPOSITION TO DEFENDANT MOTION TO DISMISS, STRIKE AND STAY DISCOVERY

# EXHIBIT # D

SYED NAZIM ALI
PRO PER
65 Washington St. Suite # 225
Santa Clara, CA 95050
Phone: (408) 372- 1150
Email: Alex@Cyberlaw101.Com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SYED NAZIM ALI,

                    PLAINTIFF,

    v.

NAVY FEDERAL CREDIT UNION,

                  DEFENDANTS.

) Case No: 5:22-cv-03958-NC
)
) PLAINTIFF SYED NAZIM ALI'S
) REQUESTS FOR PRODUCTION OR
) INSPECTION, SET 1, NOS. 1-21
)
)
)
) Trial Date: Not Yet Scheduled
)
)
)
)
)

PROPOUNDING PARTY:    **SYED NAZIM ALI**

RESPONDING PARTY:    **NAVY FEDERAL CREDIT UNION**

SET NUMBER:    **SET ONE (1). NOS 1-21**

Pursuant to Federal Rule of Court Procedure (FRCP) 34. Plaintiff Syed Nazim Ali ("Plaintiff" or "ALI") requires that Defendant NAVY FEDERAL CREDIT UNION (NFCU).

("Defendant" or "NFCU") produce, inspect and copy or cause to be copied the documents specified below. NFCU shall make such production within (30) days of service hereof, at or such other places as shall be mutually agreed upon by the parties.

- 1 -

## INSTRUCTIONS

1.    Unless otherwise noted, this set of demands requires the production of documents or tangible things that were prepared, created, written, sent, dated or received at any time up to the date of service of your response to these demands.

2.    In producing documents or tangible things pursuant to these demands, please identify the following:

a.    The paragraphs, paragraphs or subparts of the demand to which each document or tangible thing corresponds; and

b.    The location from which the document or tangible thing was produced including address, file, drawer, or cabinet name and number.

3.    If you withhold any document or tangible things under a claim or privilege, please furnish with your response to these demands the statement required by the California Code of Civil Procedure Section 1031.240(b), identifying each document or tangible thing for which privilege is claimed including the following information:

a.    The date, sender, recipient, and subject matter of the document or tangible thing.

b.    The relationship between the author and each of said recipients at the time the document or tangible thing was received by the recipient.

c.    The basis upon which privilege is claimed.

d.    The paragraphs, paragraphs or subparts of the demand to which the document or tangible thing.

4.    In the event that any requested document and tangible thing can be obtained from a computer or any other electronic media, such information should be printed out and provided, as well as provided on the media on which the information and programs that access it are stored and produced

Unless specifically requested, duplicative originals or copies that are absolutely and totally identical to a produced document or tangible thing need not also be produced.  However, any duplicate which is in any way different (e.g. contains notes or has missing material) must also be produced.

## DEFINITIONS

5.    The terms "YOU," "YOUR" and "LINA" refers to the Defendant in the above-entitled action, and any third party, representative, or agent acting on his/her/its behalf and/or any third party upon whose behalf he/she/it is acting upon.

6.    SYED NAZIM ALI means Plaintiff "or ALEX ALI" or (a.ka. Alex Ali) "ALI".

7.    The terms "DOCUMENT" and "DOCUMENTS" shall have the meaning employed in the California Evidence Code Section 250, and also includes, without limitation, any written, recorded, filmed or graphic matter, whether produced or reproduced on paper, cards, tapes, film, electronic media, facsimile, computer storage device, or any other media; including without limitation, memoranda, notes, electronic mail ("e-mail"), minutes, records, employment files, case files, pleadings, photographs, slides, correspondence, telegrams, diaries, bookkeeping entries, financial statements, tax returns, checks, check stubs, report, studies, charts, graphs, blueprints, drawing, statements, notebooks, handwritten notes, applications, agreements, books, pamphlets, periodicals, appointment calendars, notes, record and recording of oral conversations, and work papers, and also including, without limitation, originals, drafts, and all copies that are different in any way from the original whether by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise.

8.    "COMMUN ICATION(S)" means any transfer of information, ideas, opinions or thoughts by any means, written electronically, orally or otherwise, at any time or place under any circumstances and is not limited to transfer between person and/or entities but includes other transfers, such as e-mails, instant messages, records and memoranda to file, any written letter, memorandum, or other document which was sent by one or more individuals and/or entities to another or others, any DOCUMENT memorializing or reflecting a telephone call between one or more individual and another or others; and any DOCUMENT memorializing a conversation or meeting between one or more individuals and another.

9.    "REFERRING TO" means constituting, containing, consisting of, comprising, embodying, summarizing, mentoring, memorializing, discussion, showing, commencing upon, or describing.

10.    "ALL" means "any and all" and "each and every."

- 3 -

11. "And" and "or" as used herein shall be constructed both conjunctively and disjunctively and shall include the other whenever such construction will serve to bring within the scope of these request any information that would otherwise not be brought within their scope.

12. The singular shall, as used herein, shall include the plural, and the masculine shall include the feminine gender and neutral.

13. Information produced must be without any reduction, or alteration to avoid undue motion to compel and court orders.

14. WebEx meeting recording is copy of electronic Webex meeting records kept for purpose of corporate compliance and best practices.

## REQUESTS FOR PRODUCTION (RFP) (NOS. 1-20)

**Request for Production or Inspection and Copying No. 01:**

Produce ANY and ALL email communications taken place between Syed Nazim Ali (a.k.a Alex Ali) and Navy Federal Credit Union (NFCU) and its employees.

**Request for Production or Inspection and Copying No. 02:**

Produce ALL or ANY documents in "NFCU" in possession for ALI employment reviewed by the LINA. That includes job offer, wages, earnings, and fringe benefits, job descriptions, background check reports, Human Resources notes, medical notes, medical reasonable accommodation doctor notes, and any disciplinary actions and any or ALL documents human resource employment file.

**Request for Production or Inspection and Copying No. 03:**

Produce ANY and ALL email communications taken place between Syed Nazim Ali (a.k.a Alex Ali) and Greg Maier, Assistance Vice President (AVP) for the period November 14, 2020 through June 24, 2021. If you're alleging that these documents are privileged, please produce a privilege log that provides a summary of the documents being withheld.

**Request for Production or Inspection and Copying No. 04:**

Produce ANY and ALL (WebEx and Lotus Notes Application) Instant Chat Text communications between Syed Nazim Ali (a.k.a Alex Ali) and Greg Maier, Assistance Vice President (AVP) for the period November 14, 2020 through June 24, 2021. If you're alleging that

- 4 -

these documents are privileged, please produce a privilege log that provides a summary of the documents being withheld.

**Request for Production or Inspection and Copying No. 05:**

Produce ANY and ALL WebEx meeting recording between Syed Nazim Ali (a.k.a Alex Ali) and Greg Maier, Assistance Vice President (AVP) for the period November 14, 2020 through June 24, 2021. If you're alleging that these documents are privileged, please produce a privilege log that provides a summary of the documents being withheld.

**Request for Production or Inspection and Copying No. 06:**

Produce ANY and ALL Quarterly Town Hall WebEx meeting recording taken place on and about March 26, 2021, and communication place between Syed Nazim Ali (a.k.a Alex Ali) and Greg Maier, Assistance Vice President (AVP), Greg  humiliating ALI in front of 200+ employees. If you're alleging that these documents are privileged, please produce a privilege log that provides a summary of the documents being withheld.

**Request for Production or Inspection and Copying No. 07:**

Produce ANY and ALL email communications taken place between Syed Nazim Ali (a.k.a Alex Ali) and Brian Christos, Enterprise Security Manager for the period January 1, 2020 through June 24, 2021. If you're alleging that these documents are privileged, please produce a privilege log that provides a summary of the documents being withheld.

**Request for Production or Inspection and Copying No. 08:**

Produce ANY and ALL (WebEx and Lotus Notes Application) Instant Chat Text Communications between Syed Nazim Ali (a.k.a Alex Ali) and Brian Christos, Enterprise Security Manager for the period January 1, 2020 through June 24, 2021. If you're alleging that these documents are privileged, please produce a privilege log that provides a summary of the documents being withheld.

**Request for Production or Inspection and Copying No. 09:**

Produce ANY and ALL WebEx meeting recording between Syed Nazim Ali (a.k.a Alex Ali) and Brian Christos, Enterprise Security Manager for the period November 14, 2020 through June

24, 2021. If you're alleging that these documents are privileged, please produce a privilege log that provides a summary of the documents being withheld.

**Request for Production or Inspection and Copying No. 10:**

Produce ANY and ALL email communications taken place between Greg Maier, Assistance Vice President (AVP) and Anna Loshkareva, VP Vulnerability IT Risk Operation, related to Syed Nazim Ali (a.k.a Alex Ali) for the period November 14, 2020 through June 24, 2021. If you're alleging that these documents are privileged, please produce a privilege log that provides a summary of the documents being withheld.

**Request for Production or Inspection and Copying No. 11:**

Produce ANY and ALL email communications taken place between Greg Maier, Assistance Vice President (AVP) and Anna Loshkareva, VP Vulnerability IT Risk Operation, related to Syed Nazim Ali (a.k.a Alex Ali) for the period November 14, 2020 through June 24, 2021. If you're alleging that these documents are privileged, please produce a privilege log that provides a summary of the documents being withheld.

**Request for Production or Inspection and Copying No. 12:**

Produce ANY and ALL (WebEx and Lotus Notes Application) Instant Chat Text Communications between Greg Maier, Assistance Vice President (AVP) and Anna Loshkareva, VP Vulnerability IT Risk Operation, related to Syed Nazim Ali (a.k.a Alex Ali) for the period November 14, 2020 through June 24, 2021. If you're alleging that these documents are privileged, please produce a privilege log that provides a summary of the documents being withheld.

**Request for Production or Inspection and Copying No. 13:**

Produce ANY and ALL WebEx meeting recording between Greg Maier, Assistance Vice President (AVP) and Anna Loshkareva, VP Vulnerability IT Risk Operation, related to Syed Nazim Ali (a.k.a Alex Ali) for the period November 14, 2020 through June 24, 2021. If you're alleging that these documents are privileged, please produce a privilege log that provides a summary of the documents being withheld.

**Request for Production or Inspection and Copying No. 14:**

Produce ANY and ALL email communications between NFCU and its employees and Syed Nazim Ali (a.k.a Alex Ali) for the period November 14, 2020 through June 24, 2021. If you're alleging that these documents are privileged, please produce a privilege log that provides a summary of the documents being withheld.

**Request for Production or Inspection and Copying No. 15:**

Produce ANY and ANY and ALL (WebEx and Lotus Notes Application) Instant Chat Text Communications between NFCU and its employees and Syed Nazim Ali (a.k.a Alex Ali) for the period November 14, 2020 through June 24, 2021. If you're alleging that these documents are privileged, please produce a privilege log that provides a summary of the documents being withheld.

**Request for Production or Inspection and Copying No. 16:**

Any and ALL Data Loss Prevention (DLP) activity and access reports, that includes web sites access activity logs and web tracking which were enforced and in placed on Syed Nazim ALI (a.k.a Alex Ali), Defendant, employer owned laptop and being monitored for the period November 14, 2020 through June 24, 2021.

**Request for Production or Inspection and Copying No. 17**

ANY and ALL Data Loss Prevention (DLP) security policies which were implemented and enforced on Syed Nazim Ali (a.k.a Alex Ali), NFCU owned laptop and being monitored for the period November 14, 2020 through June 24, 2021.

**Request for Production or Inspection and Copying No. 18**

ANY and ALL Jobs which Syed Nazim Ali (a.k.a Alex Ali), has applied at Defendant including title, job description for the period March 1, 2021 through June 24, 2021.

**Request for Production or Inspection and Copying No. 19**

ANY and ALL Work Products, which Syed Nazim Ali (a.k.a Alex Ali), developed, created to facilitate the work project and daily management reports for Greg Maier, Assistance Vice President and Brian Christos, Enterprise Security Manager. . If you're alleging that these documents

are privileged, please produce a privilege log that provides a summary of the documents being withheld.

**Request for Production or Inspection and Copying No. 20**

ANY and ALL Syed Nazim Ali (a.k.a Alex Ali) daily reports sent out to Greg Maier, Assistance Vice President and Brian Christos, Enterprise Security Manager. If you're alleging that these documents are privileged, please produce a privilege log that provides a summary of the documents being withheld.

**Request for Production or Inspection and Copying No. 21**

ANY and ALL Syed Nazim Ali (a.k.a Alex Ali) work daily sign-on log on his work computer for the period November 14, 2020 through June 24. If you're alleging that these documents are privileged, please produce a privilege log that provides a summary of the documents being withheld.

DATED: August 7, 2022

Respectfully submitted,

Sign Your Signature:

Type Your Name:                              SYED NAZIM ALI
                                             Plaintiff, *in pro per*

- 8 -

# EXHIBIT # E

Richard L. Gillespie, Bar No. 275519
rgillespie@littler.com
Dominique N. Thomas, Bar No. 231464
dnthomas@littler.com
LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, California 94597
Telephone:　　925.932.2468
Fax No.:　　　925.946.9809

Attorneys for Defendant
NAVY FEDERAL CREDIT UNION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYED NAZIM ALI,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>NAVY FEDERAL CREDIT UNION,<br><br>　　　　　　Defendant. | Case No. C-22-03958-NC<br><br>**DEFENDANT NAVY FEDERAL CREDIT UNION'S OBJECTION TO PLAINTIFF SYED NAZIM ALI'S REQUESTS FOR PRODUCTION OR INSPECTION, SET 1, NOS. 1-21**<br><br>Trial Date: N/A<br>Complaint Filed:　July 5, 2022 |

DEFENDANT NAVY FEDERAL CREDIT UNION'S OBJECTION TO PLAINTIFF SYED NAZIM ALI'S
REQUESTS FOR PRODUCTION OR INSPECTION, SET 1, NOS. 1-21

CASE NO.C-22-03958-NC

PROPOUNDING PARTY:    Plaintiff, SYED NAZIM ALI

RESPONDING PART:                      Defendant, NAVY FEDERAL CREDIT UNION

SET NO.:                              ONE

Defendant NAVY FEDERAL CREDIT UNION (hereinafter "Navy Federal," "Responding Party," or "Defendant") responds to Plaintiff SYED NAZIM ALI'S (hereinafter "Plaintiff") Requests for Production or Inspection (Set One) as follows:

Plaintiff's first set of Requests for Production are untimely, as Plaintiff failed to comply with Federal Rules of Civil Procedure ("FRCP") 26. FRCP 26(d)(1) requires for parties to participate in the Rule 26 meet and confer conference before seeking discovery. Discovery is not considered served until the parties participate in the Rule 26 conference. FRCP(d)(2)(B).

**RESPONSE TO REQUESTS FOR PRODUCTION OR INSPECTION, SET ONE**

**RFP No. 01:**

Produce ANY and ALL email communications taken place between Syed Nazim Ali (a.k.a Alex Ali) and Navy Federal Credit Union (NFCU) and its employees.

**RESPONSE TO RFP NO. 01:**

Navy Federal objects that the request is premature, as Plaintiff propounded it before the parties participate in the required meet and confer conference under FRCP 26(d). As such, service of the discovery is not proper under FRCP 26(d)(2)(B). Moreover, this matter is subject to General Order 71, which makes the request duplicative and unduly burdensome. Navy Federal also has two discovery stay requests pending before the court related to its Motion to Dismiss and Motion to Declare Plaintiff a Vexatious Litigant.

**RFP No. 02:**

Produce ALL or ANY documents in "NFCU" in possession for ALI employment reviewed by the LINA. That includes job offer, wages, earnings, and fringe benefits, job descriptions, background check reports, Human Resources notes, medical notes, medical reasonable accommodation doctor notes, and any disciplinary actions and any or ALL documents human resource employment file.

LITTLER MENDELSON, P.C
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT NAVY FEDERAL CREDIT UNION'S OBJECTION TO PLAINTIFF SYED NAZIM ALI'S REQUESTS FOR PRODUCTION OR INSPECTION, SET 1, NOS. 1-21

CASE NO. C-22-03958-NC

**RESPONSE TO RFP NO. 02:**

Navy Federal objects that the request is premature, as Plaintiff propounded it before the parties participate in the required meet and confer conference under FRCP 26(d). As such, service of the discovery is not proper under FRCP 26(d)(2)(B). Moreover, this matter is subject to General Order 71, which makes the request duplicative and unduly burdensome. Navy Federal also has two discovery stay requests pending before the court related to its Motion to Dismiss and Motion to Declare Plaintiff a Vexatious Litigant.  Navy Federal additionally objects that the request is overbroad and vague and ambiguous as to the term: "ALI employment reviewed by the LINA."

**RFP No. 03:**

Produce ANY and ALL email communications taken place between Syed Nazim Ali (a.k.a Alex Ali) and Greg Maier, Assistance Vice President (AVP) for the period November 14, 2020 through June 24, 2021. If you're alleging that these documents are privileged, please produce a privilege log that provides a summary of the documents being withheld.

**RESPONSE TO RFP NO. 03:**

Navy Federal objects that the request is premature, as Plaintiff propounded it before the parties participate in the required meet and confer conference under FRCP 26(d). As such, service of the discovery is not proper under FRCP 26(d)(2)(B). Moreover, this matter is subject to General Order 71, which makes the request duplicative and unduly burdensome. Navy Federal also has two discovery stay requests pending before the court related to its Motion to Dismiss and Motion to Declare Plaintiff a Vexatious Litigant.

**RFP No. 04:**

Produce ANY and ALL (WebEx and Lotus Notes Application) Instant Chat Text communications between Syed Nazim Ali (a.k.a Alex Ali) and Greg Maier, Assistance Vice President (AVP) for the period November 14, 2020 through June 24, 2021. If you're alleging that these documents are privileged, please produce a privilege log that provides a summary of the documents being withheld.

LITTLER MENDELSON, P.C
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT NAVY FEDERAL CREDIT UNION'S OBJECTION TO PLAINTIFF SYED NAZIM ALI'S REQUESTS FOR PRODUCTION OR INSPECTION, SET 1, NOS. 1-21

CASE NO. C-22-03958-NC

**RESPONSE TO RFP NO. 04:**

Navy Federal objects that the request is premature, as Plaintiff propounded it before the parties participate in the required meet and confer conference under FRCP 26(d). As such, service of the discovery is not proper under FRCP 26(d)(2)(B). Moreover, this matter is subject to General Order 71, which makes the request duplicative and unduly burdensome. Navy Federal also has two discovery stay requests pending before the court related to its Motion to Dismiss and Motion to Declare Plaintiff a Vexatious Litigant.

**RFP No. 05:**

Produce ANY and ALL WebEx meeting recording between Syed Nazim Ali (a.k.a Alex Ali) and Greg Maier, Assistance Vice President (AVP) for the period November 14, 2020 through June 24, 2021. If you're alleging that these documents are privileged, please produce a privilege log that provides a summary of the documents being withheld.

**RESPONSE TO RFP NO. 05:**

Navy Federal objects that the request is premature, as Plaintiff propounded it before the parties participate in the required meet and confer conference under FRCP 26(d). As such, service of the discovery is not proper under FRCP 26(d)(2)(B). Moreover, this matter is subject to General Order 71, which makes the request duplicative and unduly burdensome. Navy Federal also has two discovery stay requests pending before the court related to its Motion to Dismiss and Motion to Declare Plaintiff a Vexatious Litigant. This request is also repetitive to Plaintiff's requests for production numbers 3 and 4. The repetitiveness makes it harassing and unduly prejudicial.

**RFP No. 06:**

Produce ANY and ALL Quarterly Town Hall WebEx meeting recording taken place on and about March 26, 2021, and communication place between Syed Nazim Ali (a.k.a Alex Ali) and Greg Maier, Assistance Vice President (AVP), Greg humiliating ALI in front of 200+ employees. If you're alleging that these documents are privileged, please produce a privilege log that provides a summary of the documents being withheld.

LITTLER MENDELSON, P.C.
Teal Tract
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2419

DEFENDANT NAVY FEDERAL CREDIT UNION'S OBJECTION TO PLAINTIFF SYED NAZIM ALI'S REQUESTS FOR PRODUCTION OR INSPECTION, SET 1, NOS. 1-21

CASE NO. C-22-03958-NC

**RESPONSE TO RFP NO. 06:**

Navy Federal objects that the request is premature, as Plaintiff propounded it before the parties participate in the required meet and confer conference under FRCP 26(d). As such, service of the discovery is not proper under FRCP 26(d)(2)(B). Moreover, this matter is subject to General Order 71, which makes the request duplicative and unduly burdensome. Navy Federal also has two discovery stay requests pending before the court related to its Motion to Dismiss and Motion to Declare Plaintiff a Vexatious Litigant.

**RFP No. 07:**

Produce ANY and ALL email communications taken place between Syed Nazim Ali (a.k.a Alex Ali) and Brian Christos, Enterprise Security Manager for the period January 1, 2020 through June 24, 2021. If you're alleging that these documents are privileged, please produce a privilege log that provides a summary of the documents being withheld.

**RESPONSE TO RFP NO. 07:**

Navy Federal objects that the request is premature, as Plaintiff propounded it before the parties participate in the required meet and confer conference under FRCP 26(d). As such, service of the discovery is not proper under FRCP 26(d)(2)(B). Moreover, this matter is subject to General Order 71, which makes the request duplicative and unduly burdensome. Navy Federal also has two discovery stay requests pending before the court related to its Motion to Dismiss and Motion to Declare Plaintiff a Vexatious Litigant.

**RFP No. 08:**

Produce ANY and ALL (WebEx and Lotus Notes Application) Instant Chat Text Communications between Syed Nazim Ali (a.k.a Alex Ali) and Brian Christos, Enterprise Security Manager for the period January 1, 2020 through June 24, 2021. If you're alleging that these documents are privileged, please produce a privilege log that provides a summary of the documents being withheld.

LITTLER MENDELSON, P.C
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT NAVY FEDERAL CREDIT UNION'S OBJECTION TO PLAINTIFF SYED NAZIM ALI'S REQUESTS FOR PRODUCTION OR INSPECTION, SET 1, NOS. 1-21

CASE NO. C-22-03958-NC

**RESPONSE TO RFP NO. 08:**

Navy Federal objects that the request is premature, as Plaintiff propounded it before the parties participate in the required meet and confer conference under FRCP 26(d). As such, service of the discovery is not proper under FRCP 26(d)(2)(B). Moreover, this matter is subject to General Order 71, which makes the request duplicative and unduly burdensome. Navy Federal also has two discovery stay requests pending before the court related to its Motion to Dismiss and Motion to Declare Plaintiff a Vexatious Litigant.

**RFP No. 09:**

Produce ANY and ALL WebEx meeting recording between Syed Nazim Ali (a.k.a Alex Ali) and Brian Christos, Enterprise Security Manager for the period November 14, 2020 through June 24, 2021. If you're alleging that these documents are privileged, please produce a privilege log that provides a summary of the documents being withheld.

**RESPONSE TO RFP NO. 09:**

Navy Federal objects that the request is premature, as Plaintiff propounded it before the parties participate in the required meet and confer conference under FRCP 26(d). As such, service of the discovery is not proper under FRCP 26(d)(2)(B). Moreover, this matter is subject to General Order 71, which makes the request duplicative and unduly burdensome. Navy Federal also has two discovery stay requests pending before the court related to its Motion to Dismiss and Motion to Declare Plaintiff a Vexatious Litigant.

**RFP No. 10:**

Produce ANY and ALL email communications taken place between Greg Maier, Assistance Vice President (AVP) and Anna Loshkareva, VP Vulnerability IT Risk Operation, related to Syed Nazim Ali (a.k.a Alex Ali) for the period November 14, 2020 through June 24, 2021. If you're alleging that these documents are privileged, please produce a privilege log that provides a summary of the documents being withheld.

LITTLER MENDELSON, P.C.
1655 Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT NAVY FEDERAL CREDIT UNION'S OBJECTION TO PLAINTIFF SYED NAZIM ALI'S REQUESTS FOR PRODUCTION OR INSPECTION, SET 1, NOS. 1-21

CASE NO. C-22-03958-NC

**RESPONSE TO RFP NO. 10:**

Navy Federal objects that the request is premature, as Plaintiff propounded it before the parties participate in the required meet and confer conference under FRCP 26(d). As such, service of the discovery is not proper under FRCP 26(d)(2)(B). Moreover, this matter is subject to General Order 71, which makes the request duplicative and unduly burdensome. Navy Federal also has two discovery stay requests pending before the court related to its Motion to Dismiss and Motion to Declare Plaintiff a Vexatious Litigant.

**RFP No. 11:**

Produce ANY and ALL email communications taken place between Greg Maier, Assistance Vice President (AVP) and Anna Loshkareva, VP Vulnerability IT Risk Operation, related to Syed Nazim Ali (a.k.a Alex Ali) for the period November 14, 2020 through June 24, 2021. If you're alleging that these documents are privileged, please produce a privilege log that provides a summary of the documents being withheld.

**RESPONSE TO RFP NO. 11**

Navy Federal objects that the request is premature, as Plaintiff propounded it before the parties participate in the required meet and confer conference under FRCP 26(d). As such, service of the discovery is not proper under FRCP 26(d)(2)(B). Moreover, this matter is subject to General Order 71, which makes the request duplicative and unduly burdensome. Navy Federal also has two discovery stay requests pending before the court related to its Motion to Dismiss and Motion to Declare Plaintiff a Vexatious Litigant. This request is also repetitive to Plaintiff's requests for production number 10. The repetitiveness makes it harassing and unduly prejudicial.

**RFP No. 12:**

Produce ANY and ALL (WebEx and Lotus Notes Application) Instant Chat Text Communications between Greg Maier, Assistance Vice President (AVP) and Anna Loshkareva, VP Vulnerability IT Risk Operation, related to Syed Nazim Ali (a.k.a Alex Ali) for the period November 14, 2020 through June 24, 2021. If you're alleging that these documents are privileged, please produce a privilege log that provides a summary of the documents being withheld.

LITTLER MENDELSON, P.C
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek  CA  94597
925 932 2468

DEFENDANT NAVY FEDERAL CREDIT UNION'S OBJECTION TO PLAINTIFF SYED NAZIM ALI'S REQUESTS FOR PRODUCTION OR INSPECTION, SET 1, NOS. 1-21

CASE NO. C-22-03958-NC

**RESPONSE TO RFP NO. 12:**

Navy Federal objects that the request is premature, as Plaintiff propounded it before the parties participate in the required meet and confer conference under FRCP 26(d). As such, service of the discovery is not proper under FRCP 26(d)(2)(B). Moreover, this matter is subject to General Order 71, which makes the request duplicative and unduly burdensome. Navy Federal also has two discovery stay requests pending before the court related to its Motion to Dismiss and Motion to Declare Plaintiff a Vexatious Litigant.

**RFP No. 13:**

Produce ANY and ALL WebEx meeting recording between Greg Maier, Assistance Vice President (AVP) and Anna Loshkareva, VP Vulnerability IT Risk Operation, related to Syed Nazim Ali (a.k.a Alex Ali) for the period November 14, 2020 through June 24, 2021. If you're alleging that these documents are privileged, please produce a privilege log that provides a summary of the documents being withheld.

**RESPONSE TO RFP NO. 13:**

Navy Federal objects that the request is premature, as Plaintiff propounded it before the parties participate in the required meet and confer conference under FRCP 26(d). As such, service of the discovery is not proper under FRCP 26(d)(2)(B). Moreover, this matter is subject to General Order 71, which makes the request duplicative and unduly burdensome. Navy Federal also has two discovery stay requests pending before the court related to its Motion to Dismiss and Motion to Declare Plaintiff a Vexatious Litigant.

**RFP No. 14:**

Produce ANY and ALL email communications between NFCU and its employees and Syed Nazim Ali (a.k.a Alex Ali) for the period November 14, 2020 through June 24, 2021. If you're alleging that these documents are privileged, please produce a privilege log that provides a summary of the documents being withheld.

LITTLER MENDELSON, P.C
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT NAVY FEDERAL CREDIT UNION'S OBJECTION TO PLAINTIFF SYED NAZIM ALI'S REQUESTS FOR PRODUCTION OR INSPECTION, SET 1, NOS. 1-21

CASE NO. C-22-03958-NC

**RESPONSE TO RFP NO. 14:**

Navy Federal objects that the request is premature, as Plaintiff propounded it before the parties participate in the required meet and confer conference under FRCP 26(d). As such, service of the discovery is not proper under FRCP 26(d)(2)(B). Moreover, this matter is subject to General Order 71, which makes the request duplicative and unduly burdensome. Navy Federal also has two discovery stay requests pending before the court related to its Motion to Dismiss and Motion to Declare Plaintiff a Vexatious Litigant. The request is also overbroad as to the term "email communications between NFCU and its employees and Syed Nazim Ali."

**RFP No. 15:**

Produce ANY and ANY and ALL (WebEx and Lotus Notes Application) Instant Chat Text Communications between NFCU and its employees and Syed Nazim Ali (a.k.a Alex Ali) for the period November 14, 2020 through June 24, 2021. If you're alleging that these documents are privileged, please produce a privilege log that provides a summary of the documents being withheld.

**RESPONSE TO RFP NO. 15:**

Navy Federal objects that the request is premature, as Plaintiff propounded it before the parties participate in the required meet and confer conference under FRCP 26(d). As such, service of the discovery is not proper under FRCP 26(d)(2)(B). Moreover, this matter is subject to General Order 71, which makes the request duplicative and unduly burdensome. Navy Federal also has two discovery stay requests pending before the court related to its Motion to Dismiss and Motion to Declare Plaintiff a Vexatious Litigant. The request is also overbroad as to the term "communications between NFCU and its employees and Syed Nazim Ali."

**RFP No. 16:**

Any and ALL Data Loss Prevention (DLP) activity and access reports, that includes web sites access activity logs and web tracking which were enforced and in placed on Syed Nazim ALI (a.k.a Alex Ali), Defendant, employer owned laptop and being monitored for the period November 14, 2020 through June 24, 2021.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT NAVY FEDERAL CREDIT UNION'S OBJECTION TO PLAINTIFF SYED NAZIM ALI'S REQUESTS FOR PRODUCTION OR INSPECTION, SET 1, NOS. 1-21

CASE NO. C-22-03958-NC

**RESPONSE TO RFP NO. 16:**

Navy Federal objects that the request is premature, as Plaintiff propounded it before the parties participate in the required meet and confer conference under FRCP 26(d). As such, service of the discovery is not proper under FRCP 26(d)(2)(B). Moreover, this matter is subject to General Order 71, which makes the request duplicative and unduly burdensome. Navy Federal also has two discovery stay requests pending before the court related to its Motion to Dismiss and Motion to Declare Plaintiff a Vexatious Litigant.

**RFP No. 17**

ANY and ALL Data Loss Prevention (DLP) security policies which were implemented and enforced on Syed Nazim Ali (a.k.a Alex Ali), NFCU owned laptop and being monitored for the period November 14, 2020 through June 24, 2021.

**RESPONSE TO RFP NO. 17:**

Navy Federal objects that the request is premature, as Plaintiff propounded it before the parties participate in the required meet and confer conference under FRCP 26(d). As such, service of the discovery is not proper under FRCP 26(d)(2)(B). Moreover, this matter is subject to General Order 71, which makes the request duplicative and unduly burdensome. Navy Federal also has two discovery stay requests pending before the court related to its Motion to Dismiss and Motion to Declare Plaintiff a Vexatious Litigant.

**RFP No. 18**

ANY and ALL Jobs which Syed Nazim Ali (a.k.a Alex Ali), has applied at Defendant including title, job description for the period March 1, 2021 through June 24, 2021.

**RESPONSE TO RFP NO. 18:**

Navy Federal objects that the request is premature, as Plaintiff propounded it before the parties participate in the required meet and confer conference under FRCP 26(d). As such, service of the discovery is not proper under FRCP 26(d)(2)(B). Moreover, this matter is subject to General Order 71, which makes the request duplicative and unduly burdensome. Navy Federal also has two discovery stay requests pending before the court related to its Motion to Dismiss and Motion to

LITTLER MENDELSON, P.C
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT NAVY FEDERAL CREDIT UNION'S OBJECTION TO PLAINTIFF SYED NAZIM ALI'S REQUESTS FOR PRODUCTION OR INSPECTION, SET 1, NOS. 1-21

CASE NO. C-22-03958-NC

Declare Plaintiff a Vexatious Litigant. Navy Federal further objects that the instant request seeks the identification of information (jobs Plaintiff applied for), and not documents. As such, it is not a proper request for production or inspection under FRCP 34.

**RFP No. 19**

ANY and ALL Work Products, which Syed Nazim Ali (a.k.a Alex Ali), developed, created to facilitate the work project and daily management reports for Greg Maier, Assistance Vice President and Brian Christos, Enterprise Security Manager. If you're alleging that these documents are privileged, please produce a privilege log that provides a summary of the documents being withheld.

**RESPONSE TO RFP NO. 19:**

Navy Federal objects that the request is premature, as Plaintiff propounded it before the parties participate in the required meet and confer conference under FRCP 26(d). As such, service of the discovery is not proper under FRCP 26(d)(2)(B). Moreover, this matter is subject to General Order 71, which makes the request duplicative and unduly burdensome. Navy Federal also has two discovery stay requests pending before the court related to its Motion to Dismiss and Motion to Declare Plaintiff a Vexatious Litigant. Navy Federal further objects that the request is overbroad and vague and ambiguous as to the term: "ALL Work Products, which Syed Nazim Ali (a.k.a Alex Ali), developed, created to facilitate the work project and daily management reports."

**RFP No. 20**

ANY and ALL Syed Nazim Ali (a.k.a Alex Ali) daily reports sent out to Greg Maier, Assistance Vice President and Brian Christos, Enterprise Security Manager. If you're alleging that these documents are privileged, please produce a privilege log that provides a summary of the documents being withheld.

**RESPONSE TO RFP NO. 20:**

Navy Federal objects that the request is premature, as Plaintiff propounded it before the parties participate in the required meet and confer conference under FRCP 26(d). As such, service of the discovery is not proper under FRCP 26(d)(2)(B). Moreover, this matter is subject to General

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932 2468

Order 71, which makes the request duplicative and unduly burdensome. Navy Federal also has two discovery stay requests pending before the court related to its Motion to Dismiss and Motion to Declare Plaintiff a Vexatious Litigant.

**RFP No. 21**

ANY and ALL Syed Nazim Ali (a.k.a Alex Ali) work daily sign-on log on his work computer for the period November 14, 2020 through June 24. If you're alleging that these documents are privileged, please produce a privilege log that provides a summary of the documents being withheld.

**RESPONSE TO RFP NO. 21:**

Navy Federal objects that the request is premature, as Plaintiff propounded it before the parties participate in the required meet and confer conference under FRCP 26(d). As such, service of the discovery is not proper under FRCP 26(d)(2)(B). Moreover, this matter is subject to General Order 71, which makes the request duplicative and unduly burdensome. Navy Federal also has two discovery stay requests pending before the court related to its Motion to Dismiss and Motion to Declare Plaintiff a Vexatious Litigant.

Dated: September 6, 2022

LITTLER MENDELSON, P.C.

/s/ Richard L. Gillespie
Richard L. Gillespie
Dominique Thomas
Attorneys for Defendant
NAVY FEDERAL CREDIT UNION

4853-5308-0113.1 / 101367-1020

LITTLER MENDELSON, P.C
Theat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 91597
925 932 2468

DEFENDANT NAVY FEDERAL CREDIT UNION'S OBJECTION TO PLAINTIFF SYED NAZIM ALI'S
REQUESTS FOR PRODUCTION OR INSPECTION, SET 1, NOS. 1-21

CASE NO. C-22-03958-NC

Richard L. Gillespie, Bar No. 275519
rgillespie@littler.com
Dominique N. Thomas, Bar No. 231464
dnthomas@littler.com
LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, California 94597
Telephone:    925.932.2468
Fax No.:       925.946.9809

Attorneys for Defendant
NAVY FEDERAL CREDIT UNION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYED NAZIM ALI, | Case No. C-22-03958-NC |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | Trial Date:N/A |
| NAVY FEDERAL CREDIT UNION, | Complaint Filed:    July 5, 2022 |
| Defendant. | |

## CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Treat Towers, 1255 Treat Boulevard, Suite 600, Walnut Creek, California 94597. On September 6, 2022, I served the within document(s):

**DEFENDANT NAVY FEDERAL CREDIT UNION'S OBJECTION TO PLAINTIFF SYED NAZIM ALI'S REQUESTS FOR PRODUCTION OR INSPECTION, SET 1, NOS. 1-21**

☐    by facsimile transmission at or about _____ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number . The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

LITTLER MENDELSON, P.C
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

☐ by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Walnut Creek, California addressed as set forth below.

☐ by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses on the attached service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The electronic notification address of the person making the service is mamartinez@littler.com.

Syed Nazim Ali
Pro Per
65 Washington St., Suite 225
Santa Clara, CA 95050
P: 408.372.1150
Alex@Cyberlaw101.Com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service.  Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  Executed on September 6, 2022, at Walnut Creek, California.

*Monica Martinez*

Monica A. Martinez

4867-0930-8209.1 / 101367-1020

LITTLER MENDELSON, P.C.
Trial Towers
1255 Treat Blvd, #600
Suite 600
Walnut Creek, CA 94597
925.932.2468

2

CERTIFICATE OF SERVICE
CASE NO. C-22-03958-NC

# EXHIBIT # F

Michael R Miller
AVP Global Physical Security
NFCU HQ Security Group

Michael_Miller@navyfederal.org

(703) 206-3183
----- Forwarded by Michael Miller/HQ/NFCU on 11/06/2020 01:42 PM -----

From:   Linda Nguyen/HQ/NFCU
To:     Michael Miller/HQ/NFCU@NFCU
Date:   11/06/2020 01:35 PM
Subject: Re: Fw: Syed Ali (Navy Federal Employee)


Hi Mike,

Attached is Syed (Alex) Ali's resume along with his application (sent as 2 PDFs to show the Application and Resume section and the Questionnaire section). Please let me know if you need any additional information.

(See attached file: Alex_Ali.docx)(See attached file: Syed Ali Application1.pdf)(See attached file: Syed Ali Application2.pdf)

Best,

Linda Nguyen
Recruiter III, Talent Acquisition
Navy Federal Credit Union
820 Follin Lane SE | Vienna, VA | 22180
Phone: 703-255-8145

Connect with me on LinkedIn!

(Embedded image moved to file: pic18443.jpg) Navy Federal is a FORTUNE "100 Best Company to Work For®" in 2020.




From:   Michael Miller/HQ/NFCU
To:     Linda Nguyen/HQ/NFCU@NFCU
Date:   11/06/2020 01:17 PM
Subject: Fw: Syed Ali (Navy Federal Employee)


Linda

Do you have these documents available for OGC?

Mike

Michael R Miller
AVP Global Physical Security
NFCU HQ Security Group

2

Michael_Miller@navyfederal.org

(703) 206-3183

----- Forwarded by Michael Miller/HQ/NFCU on 11/06/2020 11:15 AM -----

From:    Linda G Dugan/HQ/NFCU
To:      Michael Miller/HQ/NFCU@NFCU
Cc:      Charles Gardiner/HQ/NFCU@NFCU, Larry K Aiken/PCC/NFCU@NFCU,
         Steven Smith/PCC/NFCU@NFCU
Date:    11/06/2020 09:52 AM
Subject: Fw: Syed Ali (Navy Federal Employee)


Hi Mike,

Any update on Syed Ali?


Thank you

Linda Dugan
Security
PH 703-255-8781




----- Forwarded by Linda G Dugan/HQ/NFCU on 11/06/2020 09:51 AM -----

From:    Linda G Dugan/HQ/NFCU
To:      Michael Miller/HQ/NFCU@NFCU
Cc:      Charles Gardiner/HQ/NFCU@NFCU, Larry K Aiken/PCC/NFCU@NFCU,
         Steven Smith/PCC/NFCU@NFCU
Date:    11/04/2020 09:54 AM
Subject: Fw: Syed Ali (Navy Federal Employee)


Hi Mike,

ISD Engineer III.


Thank you

Linda Dugan
Security
PH 703-255-8781




----- Forwarded by Linda G Dugan/HQ/NFCU on 11/04/2020 09:54 AM -----

From:    Michael Miller/HQ/NFCU

4

To:      Charles Gardiner/HQ/NFCU@NFCU
Cc:      Linda G Dugan/HQ/NFCU@NFCU, Larry K Aiken/PCC/NFCU@NFCU, Steven
         Smith/PCC/NFCU@NFCU
Date:    11/04/2020 09:49 AM
Subject: Re: Fw: Syed Ali (Navy Federal Employee)


What position is he applying for?

Michael R Miller
AVP Global Physical Security
NFCU HQ Security Group

Michael_Miller@navyfederal.org

(703) 206-3183




From:    Charles Gardiner/HQ/NFCU
To:      Linda G Dugan/HQ/NFCU@NFCU
Cc:      Larry K Aiken/PCC/NFCU@NFCU, Michael Miller/HQ/NFCU@NFCU,
         Steven Smith/PCC/NFCU@NFCU
Date:    11/04/2020 09:05 AM
Subject: Re: Fw: Syed Ali (Navy Federal Employee)


Mike,  My opinion is below, The record does not show a Misdemeanor or Felony but since he is not a former lawyer this
would be a misdemeanor charge. Thoughts?

At this time the candidate will need to file a disposition from the courts to the Unlawful Practice charge (08/10/2020) that
appears to be still pending in court. The charge reflects on the candidates ethics/values and will need to be closed prior to
hire.


Under California Business and Professions Code Section 6126:
"Any person advertising or holding himself or herself out as practicing or entitled to practice law or otherwise practicing
law who is not an active licensee of the State Bar, or otherwise authorized pursuant to statute or court rule to practice law
in this state at the time of doing so, is guilty of a misdemeanor punishable by up to 364 days in a county jail or by a fine of
up to one thousand dollars ($1,000), or by both that fine and imprisonment."



Charlie

(Embedded image moved to file: pic20676.gif)




From:    Linda G Dugan/HQ/NFCU
To:      Charles Gardiner/HQ/NFCU@NFCU

5

Cc:    Michael Miller/HQ/NFCU@NFCU, Steven Smith/PCC/NFCU@NFCU, Larry
       K Aiken/PCC/NFCU@NFCU
Date:   11/03/2020 06:18 PM
Subject: Fw: Syed Ali (Navy Federal Employee)


Hi Charlie,

Can you please review the attached Criminal History report and statement below from Syed Ali.


[attachment "Syed Ali.pdf" deleted by Michael Miller/HQ/NFCU]

Thank you

Linda Dugan
Security
PH 703-255-8781


----- Forwarded by Linda G Dugan/HQ/NFCU on 11/03/2020 07:16 PM -----

From:   Linda Nguyen/HQ/NFCU
To:     Linda G Dugan/HQ/NFCU@NFCU
Date:   11/03/2020 07:11 PM
Subject: Syed Ali


Hi Linda,

Below is Syed's statement along with supporting documents related to the unlawful practice charge.

Best,

Linda Nguyen
Recruiter III, Talent Acquisition
Navy Federal Credit Union
820 Follin Lane SE | Vienna, VA | 22180
Phone: 703-255-8145

Connect with me on LinkedIn!

(Embedded image moved to file: pic14183.jpg) Navy Federal is a FORTUNE "100 Best Company to Work For®" in 2020.


--- - Forwarded by Linda Nguyen/HQ/NFCU on 11/03/2020 07:09 PM - ---

From:   Alex Ali <alexali@esecurityauditors.com>
To:     "Linda_Nguyen@navyfederal.org" <Linda_Nguyen@navyfederal.org>
Date:   11/03/2020 05:43 PM
Subject: [External] Re: Navy Federal - Fingerprinting Follow-Up

6

Confidential / Privileged

Hello Ms. Linda,

Re: 6126 (A) Unauthorized Practice of Law / Disputed Misdemeanor Charge

I have contested the charges (not guilty) on the subject regarding the service agreements and facts. This matter is continued to be disputed in the trial. As per your request, I have attached all the document(s) to support my position, including the DA filed complaint.

Background
In May 2018, I added Legal Document Preparation Services (CallLegalHelp.Com). On and about April 25, 2019, I had a customer who requested to prepare a specific legal document for meeting her time-sensitive filing and legal needs. As per the executed agreement (Attached), I have disclosed all the terms and conditions (No.1-47) , particularly No. 1-4 and No. 39-42, about the scope of service, capacity, refund policy, cancellation policy, and arbitration. The customer has read, understood, and signed the legal document using DocuSign.

After four days, when we have already put hours and work product ready, the customer demanded a full refund. In goodness (I have emails), I have offered a 50% refund, but the customer demanded a full refund or threatened to destroy my reputation and harmed. She filed false complaints with the California State Bar to harm my moral character, as she knew that I am a law student. She also filed a complaint with Santa Clara District Attorney stating that I practice law . If you take a look the service agreement No.
1-4, the customer was informed that I am not a lawyer and know all facts.
The customer knew that Ali is not a licensed attorney nor ALI can provide any legal advice. Because she demanded a full refund, and despite ALI has offered 50% refund despite going outside the contract terms and conditions she signed, she continues to harass and harmed ALI's reputation. ALI legal service business was fully compliant with laws and regulation by applying all mitigation controls (Service Agreement, Website Disclosure, Email footer disclosure) to keep all the transparency to customers upfront and ethical.

I had a clean background and always went by the law and regulations; the customer did what she can harm my professional reputation. And I contested not guilty, for which I will continue to seek fair-justice from the Court of law and jury. ( The evidence speaks for itself).

My law firm (Parker Stanbury, LLP) has continued to deny any unlawful practices (See attachments) when contested with California State Bar.

In December 16, 2019, I have decided to closed legal document preparation (CallLegalHelp.Com) and also (CallTaxHelp.Com) as it was not worth compare my professional practice working as Cybersecurity domain as CISSP, CISA, CISM, CRISC and CDPSE.

I hope this helps you and audience to understand my side of the story; please do not hesitate to contact me should you have any questions.


Regards
Alex


Alex Ali, B.S. CISSP, CISA, CISM, CRISC, CDPSE Juris Doctor (J.D) (L1-Completed) Specializing in Cyber Security & Compliance SVP & Director- Cyber Security & Compliance
Email: alexali@esecurityauditors.com

7

# EXHIBIT # H



1 July 2022

Mr. Syed Ali
65 Washington St.
Suite 225
Santa Clara, CA 95050

Dear Mr. Ali,

It has come to the attention of Navy Federal that you were convicted for the unlicensed practice of law in violation of the California Business and Professions Code on 21 January 2022. After assessing the circumstances surrounding your legal matter, we have decided to separate your employment with Navy Federal. Your separation will become effective on 1 July 2022.

If you are able to favorably resolve your personal legal matter and you wish to reapply for employment with us, you may contact Employee Relations at 703-255-7448 to discuss your eligibility for rehire.

If you move, please provide us with your new address. This information is necessary in order to send you future correspondence and tax information. You may reach us at the following:

Navy Federal Credit Union
Employee Service Center
P.O. Box 3400
Merrifield, VA 22119-3400

Regards,

Kelly Neitzey
Assistant Manager, Employee Relations

# EXHIBIT # I

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYED NAZIM ALI,<br><br>Plaintiff,<br><br>v.<br><br>NAVY FEDERAL CREDIT UNION,<br><br>Defendant. | Case No. 22-cv-03958-NC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DECLARE PLAINTIFF SYED NAZIM ALI A VEXATIOUS LITIGANT**<br><br>Re: ECF 19 |

Presented to the Court is Defendant Navy Federal Credit Union's motion to declare Plaintiff Syed Nazim Ali a vexatious litigant and to impose on him a pre-filing screening requirement for future cases filed in this Court. ECF 19. In a separate Order, the Court today granted Defendant's Motion to Dismiss the Complaint under Fed. R. Civ. P. 12(b)(6).

Defendant's motion is denied. Defendant's 762-page motion persuasively documents the volume of Mr. Ali's litigation in this Court. But this case does not demonstrate that Mr. Ali is vexatious. He was employed by, took medical leave from, and then terminated by Navy Federal Credit Union. He filed a self-represented lawsuit in this Court challenging his employment termination. The Court is not persuaded that Mr. Ali's suit was frivolous, in bad faith, or violated Fed. R. Civ. P. 11(b).

Moreover, the successful defense raised in this case by Navy Federal Credit Union under the Federal Credit Union Act, 12 U.S.C. § 1785(d), is not an issue that Mr. Ali appears to have litigated previously. So at least in this case, Mr. Ali is not repeating losing arguments for the purpose of harassment.

United States District Court
Northern District of California

**IT IS SO ORDERED.**

Dated:  September 26, 2022

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

2