RICHARD L. GILLESPIE, Bar No. 275519
rgillespie@littler.com
STEPHANIE TEECE, Bar No. 313917
steece@littler.com
LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard,
Suite 600
Walnut Creek, California 94597
Telephone: 925.932.2468
Fax No.: 925.946.9809

Attorneys for Defendant
NAVY FEDERAL CREDIT UNION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SYED NAZIM ALI,

Plaintiff,

v.

NAVY FEDERAL CREDIT UNION,

Defendant.

Case No. 5:26-cv-03590-NC

*Before the Honorable Nathanael Cousins*

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND TO STAY DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES**

**[Fed. R. Civ. P. 12(b)(6)]**

Date: October 14, 2026
Time: 11:00am
Courtroom: San Jose – Courtroom 5

Complaint Filed: April 27, 2026

# Table of Contents

NOTICE OF MOTION ........ 1
RELIEF SOUGHT ........ 1
ISSUES TO BE DECIDED ........ 1
MEMORANDUM OF POINTS AND AUTHORITIES ........ 2
I. INTRODUCTION ........ 2
II. REQUEST FOR JUDICIAL NOTICE ........ 3
III. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ........ 3
A. Relevant Factual Background from First Action ........ 3
B. Plaintiff's 2022 First Federal Action ........ 4
C. Procedural Status of the Current Action ........ 5
D. Plaintiff's Improper Use of His Workers' Compensation Proceeding to Obtain Discovery for This Action ........ 5
IV. LEGAL STANDARD ........ 6
V. ARGUMENT ........ 7
A. Plaintiff's Claims Are Barred By Res Judicata ........ 7
1. Identity of Parties ........ 7
2. Identity of Claims ........ 7
3. There Was A Final Judgment on the Merits In The First Action ........ 11
B. Plaintiff is Improperly Claim-Splitting ........ 12
C. Plaintiff's Fraud On The Court Claim Fails On the Merits ........ 12
D. Plaintiff's Relief From Judgment Claim Based On Independent Action (FRCP 60(d)(1)) Fails Under Rule 12(b)(6) ........ 17
1. Plaintiff Cannot Show A Grave Injustice ........ 18
2. Plaintiff Cannot Show Diligence or Lack of An Adequate Alternative Remedy ........ 19
E. Plaintiff's Fraudulent Concealment Claim Fails Under FRCP 12(b)(6) ........ 19
1. The Fraudulent Concealment Claim is Time Barred ........ 19
2. The Fraudulent Concealment Claim Is Not Tolled ........ 20

3. Plaintiff's Fraudulent Concealment Claim Fails To State A Claim .................................... 20
F. Plaintiff's Conclusory Fraud Allegations Are Insufficient Under FRCP 9(b) ........................ 21
VI. LEAVE TO AMEND WOULD BE FUTILE ................................................................ 22
VII. DISCOVERY SHOULD BE STAYED ................................................................... 24
VIII. CONCLUSION .................................................................................................. 24

# TABLE OF AUTHORITIES


**Page(s)**

**Cases**

*Aguirre v. Cal-W. Reconveyance Corp.*,
No. CV 11-6911 CAS ........................................................................................21

*Ali v. Navy Federal Credit Union*,
Civil No. 5:22-cv-03958-NC . ....................................................................... *passim*

*American Title Ins. Co. v. Lacelaw Corp.*,
861 F.2d 224 (9th Cir. 1988) ...........................................................................16, 17

*AmerisourceBergen Corp. v. Dialysis West, Inc.*,
465 F.3d 946 (9th Cir. 2006) ...............................................................................22

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)........................................................................................6, 24

*Ayres v. MetLife, Inc.*,
No. 21-CV-08523-JSC, 2022 WL 1801494 (N.D. Cal. 2022) ...................................18

*United States v. Bayley*,
No. 3:20-CV-05867-DGE, 2026 WL 2164469 (W.D. Wash. 2026) ..........................21

*United States v. Beggerly*,
524 U.S. 38 (1998)........................................................................................18, 23

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)..............................................................................................6

*Brown v. Option One Mortg. Corp.*,
No. C 09-5705 MHP, 2010 WL 1267774 (N.D. Cal. 2010)......................................22

*Cansino v. Bank of Am.*,
224 Cal. App. 4th 1462 (2014) ............................................................................19

*Cohen v. Navarro*,
No. CV 17-1352-RGA, 2018 WL 2113231 (D. Del. 2018) .....................................17

*Costantini v. Trans World Airlines*,
681 F.2d 1199 (9th Cir. 1982) ...................................................................8, 9, 10, 11

*Flynn v. Pabst*,
No. CV 19-00058-M-DLC, 2020 WL 3971321 (D. Mont. 2020) ..............................12, 14, 23

*Fox v. Ethicon Endo-Surgery, Inc.*,
35 Cal. 4th 797 (2005) ....................20

*Frank v. United Airlines, Inc.*,
216 F.3d 845 (9th Cir. 2000) ....................8

*Goldberg v. Cameron*,
694 F. App'x 564 (9th Cir. 2017) ....................7

*In re Greenstein*,
576 B.R. 139 (Bankr. C.D. Cal. 2017)....................12, 13

*Harris v. Cnty. Of Orange*,
682 F.3d 1126 (9th Cir. 2012) ....................7

*Int'l Union of Operating Eng'rs-Emps. Const. Indus. Pension, Welfare & Training Tr. Funds v. Karr*,
994 F.2d 1426 (9th Cir. 1993) ....................8

*Kaldenbach v. Mut. of Omaha Life Ins. Co.*,
178 Cal.App.4th 830 (2009) ....................21

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) ....................22

*Keo v. Coutts*,
No. 22-CV-05317-TLT, 2023 WL 9051271 (N.D. Cal. 2023)....................18

*In re Levander*,
180 F.3d 1114 (9th Cir. 1999) ....................14

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
519 F.3d 1025 (9th Cir. 2008) ....................6

*Mendoza v. Amalgamated Transit Union Int'l*,
30 F.4th 879 (9th Cir. 2022) ....................12

*Meyer v. Berkshire Life Ins. Co.*,
372 F.3d 261 (4th Cir. 2004) ....................16

*Moore v. Kayport Package Express, Inc.*,
885 F.2d 531 (9th Cir. 1989) ....................22

*N. Star Int'l v. Ariz. Corp. Comm'n*,
720 F.2d 578 (9th Cir. 1983) ....................6

*In re Nexus 6p Prods. Liab. Litig.*,
No., 2017 U.S. Dist. LEXIS 132698 (N.D. Cal. 2017)....................24

*Quinto v. JPMorgan Chase Bank*,
2011 WL 6002599 (N.D. Cal. 2011) ....7, 8

*United States v. Ritchie*,
342 F.3d 903 (9th Cir. 2003) ....7

*Rogers v. JP Morgan Chase Bank*,
No. 2:22-CV-17990-DAD-CKD-PS, 2022 WL 16727823 (E.D. Cal. 2022) ....23

*Rutman Wine Co. v. E. & J. Gallo Winery*,
829 F.2d 729 (9th Cir. 1987) ....24

*Scott v. Kuhlmann*,
746 F.2d 1377 (9th Cir. 1984) ....7

*Semegen v. Weidner*,
780 F.2d 727 (9th Cir. 1985) ....22

*United States v. Sierra Pac. Indus., Inc.*,
862 F.3d 1157 (9th Cir. 2017) ....13, 14

*Steckman v. Hart Brewing, Inc.*,
143 F.3d 1293 (9th Cir. 1998) ....22

*Swartz v. KPMG LLP*,
476 F.3d 756 (9th Cir. 2007) ....22

*Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*,
322 F.3d 1064 (9th Cir. 2003) ....8, 9

*Taylor v. Sturgell*,
553 U.S. 880 (2008) ....7

*Trendsettah USA, Inc. v. Swisher Int'l, Inc.*,
31 F.4th 1124 (9th Cir. 2022) ....13, 14

*W. Radio Servs. Co. v. Glickman*,
123 F.3d 1189 (9th Cir. 1997) ....7

**Statutes**

12 U.S.C. § 1785(d) .... *passim*

Cal. Lab. Code §432.7 ....15

Cal. Lab. Code §4553 ....4

Fed. R. Civ. P. 8 ....24

Fed. R. Civ. P 9(b) ....2, 21, 22

Fed. R. Civ. P. 12(b) ........ *passim*
Fed. R. Civ. P. 26(d) ........ 17
Fed. R. Civ. P. 26(f) ........ 16, 17
Fed. R. Civ. P. 60 ........ 2, 12, 18
Fed. R. Civ. P. 60(b) ........ 4,13, 17
Fed. R. Civ. P. 60(c) ........ 13
Fed. R. Civ. P. 60(d) ........ *passim*

## NOTICE OF MOTION

**TO PLAINTIFF SYED NAZIM ALI: PLEASE TAKE NOTICE** that on October 14, 2026, at 11:00 a.m., or as soon thereafter as the matter may be heard in the above-entitled Court, located at the San Jose Courthouse, Courtroom 5 – 4th Floor, 280 South 1st Street, San Jose, CA 95113, Defendant Navy Federal Credit Union ("Navy Federal") will and hereby does move the Court pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6) for an order dismissing Plaintiff Syed Nazim Ali's First Amended Complaint ("FAC") (Dkt. 30.)

The motion to dismiss ("Motion") is based on this notice; the accompanying memorandum of points and authorities; the previously submitted request for judicial notice (Dkt. 15-1), the Declaration of Richard Gillespie in support of Navy Federal's request for judicial notice (Dkt. 15-2); the accompanying exhibits; any oral argument that may be presented at the hearing; all other papers, records, and pleadings on file in this action; and on such additional evidence and argument as the Court may allow prior to and during the hearing on this motion.

## RELIEF SOUGHT

Navy Federal seeks an order dismissing this Action and all claims asserted in Plaintiff's FAC for failure to state a claim.

## ISSUES TO BE DECIDED

1. Whether dismissal is appropriate since Plaintiff's claims are barred by the doctrine of res judicata?

2. Whether dismissal is appropriate since Plaintiff's claims are barred by the applicable statutes of limitation?

3. Whether dismissal is appropriate since Plaintiff's First Amended Complaint fails to state a claim under which relief may be granted?

4. If Navy Federal's Motion is granted, whether leave to amend should be denied as futile?

5. Whether discovery should be stayed pending the Court's decision since Navy Federal's Motion seeks a dismissal of the entire action and can be decided without discovery.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This action is Plaintiff Syed Nazim Ali's ("Plaintiff") latest attempt to relitigate issues that were fully litigated and finally resolved in 2022 during Plaintiff's prior action against Defendant Navy Federal Credit Union ("Navy Federal"), *Ali v. Navy Federal Credit Union*, Civil No. 5:22-cv-03958-NC (the "First Action"). In the First Action, this Court dismissed Plaintiff's claims after concluding that Navy Federal was statutorily required to terminate his employment following his criminal convictions for crimes of dishonesty under 12 U.S.C. § 1785(d) ("Section 1785(d)"). The Ninth Circuit affirmed, holding that dismissal was proper and that amendment would be futile. This year, Plaintiff moved this Court in the First Action to set aside the judgment on the same grounds at issue in his current Complaint. The Court denied Plaintiff's motion *sua sponte*.

Undeterred by those three rulings, Plaintiff filed the present action, repackaging his unsuccessful wrongful termination allegations as claims for relief from judgment and fraudulent concealment. Plaintiff's FAC also asserts that he has discovered "new" evidence. But those documents were either in his possession for years or are wholly immaterial to his termination. None of the "newly discovered evidence" undermines this Court's prior determination.

The FAC suffers from multiple independent and incurable defects. Plaintiff's claims are barred by res judicata because they were adjudicated in the First Action. His relief from judgment claims under Federal Rule of Civil Procedure ("FRCP") Rule 60(d)(1) and 60(d)(3) fail because the FAC alleges no extraordinary circumstances, grave miscarriage of justice, or actual fraud on the court. His fraudulent concealment claim is time-barred and, in any event, fails to plausibly allege concealment, a duty to disclose, or fraudulent intent. Further, the FAC falls far short of FRCP, Rule 9(b)'s heightened pleading requirements.

Ultimately, Plaintiff seeks a fourth opportunity to challenge the same termination decision already upheld by this Court and the Ninth Circuit. Res judicata, Rule 60, and basic pleading standards do not permit endless re-litigation of settled issues. Because the defects in the FAC cannot be cured, the FAC should be dismissed with prejudice and discovery should be stayed pending resolution of this Motion.

## II. REQUEST FOR JUDICIAL NOTICE

On July 17, 2026, Navy Federal filed its Request for Judicial Notice (RJN) of the First Action and certain filings and Orders of the Court associated with that case, which are attached to the RJN as exhibits pursuant to Federal Rules of Evidence ("FRE") 201(b). (Dkt. 15-1.) The RJN is accompanied by the supporting Declaration of Richard Gillespie ("Gillespie Dec.").[1] (Dkt. 15-2.)

## III. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### A. Relevant Factual Background from First Action

Navy Federal hired Plaintiff on or around October 2020 as a Senior Cybersecurity Engineer. (*See* Dkt. 15-1, RJN, at **Ex. 8**, First Action Order Granting Navy Federal's Motion to Dismiss ["Order"] at 1:21-26.) As part of its standard hiring process, Navy Federal conducted a background check, which revealed that Plaintiff had been criminally charged by Santa Clara County with the unauthorized practice of law. (*Id.*) However, Plaintiff's charges had not yet led to a conviction. As such, Navy Federal hired Plaintiff, and he worked for the company from November 2020 until June 2021, when he went on a leave of absence. (*Id.*)

After Plaintiff had been on leave for seven months, Navy Federal sent Plaintiff two letters inquiring whether he would be able to return to work and whether he required any accommodations. (*Id.* at 1:27-2:1.) On June 6, 2022, Plaintiff submitted a release for his return to work, stating that Navy Federal should not consider his misdemeanor criminal charge for the unauthorized practice of law because it had "been resolved" and should not have a "negative impact on his current work relationships." (*Id.* at 2:4-7.)

Following receipt of Plaintiff's release, Navy Federal investigated the resolution of Plaintiff's criminal charge and learned that on January 21, 2022, Plaintiff had been **convicted** of the unauthorized practice of law and for attempting to influence, intimidate, or threaten a witness. (*Id.* at 2:8-14; *see also* **Ex. 4**, First Action RJN at **Ex. 5**, First Action Dec. at Ex. C.) On July 1, 2022, Navy Federal terminated Plaintiff's employment due to his criminal convictions, as required by Section 1785(d). (Dkt. 15-1, RJN at **Ex. 8**, Order at 2:8-14, 5:19-20.)

[1] Navy Federal also filed a notice of related case for the First Action. (Dkt. 16.)

**B. Plaintiff's 2022 First Federal Action**

Proceeding *pro per*, Plaintiff filed the First Action against Navy Federal on July 5, 2022, alleging eleven causes of action, including claims of: (1) retaliation for misdemeanor charge; (2) failure to stop retaliation; (3) retaliation for filing workers' compensation claim; (4) retaliation for filing a workers' compensation petition 132 discrimination claim; (5) retaliation for filing a workers' compensation petition for severe and willful misconduct claim under Labor Code 4553; (6) retaliation for over the age of 40; (7) retaliation on medical disabilities exposed during worker's compensation claim; (8) failure to make reasonable accommodations; (9) wrongful termination; (10) intentional infliction of emotional distress; and (11) negligent infliction of emotional distress. (Dkt. 15-1, RJN at Ex. 2, First Action Compl.)

Before discovery opened in the First Action, Plaintiff prematurely served Navy Federal with a request for production of documents on August 7, 2022. (Dkt. 30, FAC at 72.) On August 18, 2022, Navy Federal moved to stay discovery and to dismiss the Complaint in its entirety pursuant to Section 1785(d). (Dkt. 15-1, RJN at **Ex. 3**, First Action Def.'s Motion to Dismiss and Strike Pl.'s Complaint ["Motion to Dismiss"].) On September 26, 2022, the Honorable Nathanael Cousins granted Navy Federal's Request for Judicial Notice as to Plaintiff's January 21, 2022 criminal convictions and granted the Motion to Dismiss as to all of Plaintiff's claims (*Id*. at **Ex. 8**, Order). The same day, the Court entered judgment in Navy Federal's favor. (*Id*. at **Ex. 9**, First Action Judgment ["Judgment"].)

Plaintiff appealed, and the Ninth Circuit affirmed the Court's Order. (*Id*. at **Ex. 10**, Ninth Circuit Decision). The Ninth Circuit held that "[t]he district court properly dismissed [Plaintiff's] claims arising out of his termination because defendant was required to terminate [Plaintiff's] employment under 12 U.S.C. § 1785(d)." (*Id*. at 2.) Further, the appellate court provided: "the district court did not abuse its discretion by dismissing Ali's complaint without leave to amend because amendment would have been futile." (*Id*. at 2-3.)

Three years and seven months after the Court's Judgment, on April 27, 2026, Plaintiff filed a motion for relief from judgment in the First Action pursuant to FRCP 60(b)(2) and (b)(3). (Dkt. 15-1, RJN at **Ex. 12**, Pl.'s Motion for Relief From Judgment ["Motion for Relief"].) Plaintiff's Motion for Relief was based on the alleged discovery of "new evidence." (*See id*.) Specifically, the new evidence

was an internal email communication from November 2020 identifying that Navy Federal knew about Plaintiff's criminal charges when he was hired (*See id*. at 4:3-9, Ex. F), and Plaintiff's termination letter dated July 1, 2022. (*See id*. at 4:10-17, Ex. H.) These are the same documents Plaintiff relies on in his instant Action to support his fraud on the court and fraudulent concealment claims. (Dkt. 30, FAC at ¶ 17.) On May 5, 2026, this Court denied Plaintiff's Motion for Relief in the First Action *sua sponte*, holding that the motion was not timely and that this "Court is not persuaded that there is evidence of a 'fraud on the court.'" (Dkt. 15-1, RJN at **Ex. 13**, Minute Order on Motion for Relief.)

**C. Procedural Status of the Current Action**

On April 27, 2026, the same day that Plaintiff filed his Motion for Relief in the First Action, Plaintiff also filed the instant action against Navy Federal. (Dkt. 1.) Plaintiff's Complaint relied on the same allegations that Plaintiff made in his Motion for Relief. Navy Federal filed its Motion to Dismiss Plaintiff's Complaint and Stay Discovery on July 17, 2026. (Dkt. 15.) After both Parties briefed the prior motion, Plaintiff requested leave to amend which the Court granted. (Dkt. 29.) Plaintiff thereafter filed the FAC (Dkt. 30.)

The FAC omits the previously asserted fraud, wrongful termination, and abuse of process claims, and asserts two independent claims for relief from judgment under FRCP 60(d)(1) and 60(d)(3) for fraud on the court (Count I), as well as fraudulent concealment (Count II). In doing Plaintiff seeks to take a fourth "bite of the apple." This Motion is timely filed within 21 days of service of the FAC. (See Dkt. 30.)

**D. Plaintiff's Improper Use of His Workers' Compensation Proceeding to Obtain Discovery for This Action**

Plaintiff filed a worker's compensation claim on March 23, 2022, alleging specific injury on June 21, 2021 to his psych, stress, nervous, and body systems ("WC Matter"). (Dkt. 30, FAC at 99, 101, Ex. A07.) Rather than limit discovery to issues relevant to that proceeding, Plaintiff is attempting to use the WC Matter as a vehicle to obtain information related to his termination. This is improper since his termination date occurred after his alleged workplace injury and this Court already held his termination was required by law. (Def. RJN, Dkt. 15-1 at 179 ["Mr. Ali has failed to plead facts

adequate to show intentional or negligent infliction of emotional distress because Navy Federal was required to act as it did."].)

Plaintiff's misuse of the WC Matter is perhaps best illustrated by his motion to compel in the WC Matter, which he appended to the FAC and seeks documents bearing on the claims asserted in this Action:

> Please produce a list identifying all former employees of Navy Federal Credit Union whose employment was terminated between January 1, 2018 and July 31, 2025, due to disqualification under 12. U.S.C. §1785(d)(1)(A), which prohibits credit unions from employing or continuing to employ any individual who has been convicted of a criminal offense involving dishonesty or breach of trust. For each such individual, please identify: a) First Name Only; b) Job title at the time of termination; c) Department or division; d) Date of hire and termination; e) Nature of the offense or reason for disqualification under 12 U.S.C. 24 § 1785(d).

(Dkt. 30, FAC at 105, Request No. 11.)

Plaintiff relies on emails from 2020, obtained through the WC Matter, that show Navy Federal knew about his criminal charges before he was hired. (Dkt. 30, FAC at 6, 90- 96, Ex. F.) These charges were not yet convictions, do not support Plaintiff's allegation of fraudulent concealment or warrant relief from judgment since Section 1785 does not require termination for criminal charges; only convictions. Regardless, Plaintiff is improperly attempting to litigate the issue in this Court and through his WC Matter.

## IV. <u>LEGAL STANDARD</u>

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims alleged in a complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). To survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must allege facts that are enough to raise his right to relief "above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 550 (2007). While courts construe the allegations in the complaint in the light most favorable to the non-moving party, they are not required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, unreasonable inferences, or unwarranted deductions of fact. *Manzarek v. St. Paul Fire & Marine Ins.*

*Co*., 519 F.3d 1025, 1031 (9th Cir. 2008).

Courts may "consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Harris v. Cnty. Of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (courts may take judicial notice of matters of public record, including documents on file in federal or state courts).

## V. <u>ARGUMENT</u>

### A. Plaintiff's Claims Are Barred By Res Judicata

Plaintiff's claims are barred by res judicata. "Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or *could have been raised* in the prior action." *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997) (emphasis added). Res Judicata protects against "the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).

Although res judicata is an affirmative defense, it is appropriate for a defendant to assert in a Rule 12(b)(6) motion, when it raises no disputed issues of fact. *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (affirming the district court's dismissal of complaint pursuant to Rule 12(b)(6) on res judicata grounds); *accord Goldberg v. Cameron*, 694 F. App'x 564, 565 (9th Cir. 2017). Res judicata applies when there is: "1) an identity of claims, 2) a final judgment on the merits, and 3) identity or privity between parties." *W. Radio Servs. Co.*, *supra*, 123 F.3d at 1192.

Here, the parties in this action are identical to those in the First Action, there is identity of claims, and a final judgment on the merits.

#### 1. Identity of Parties

The Parties in the First Action are the same as those in the current litigation; Navy Federal and Plaintiff. (Dkt. 15-1, RJN at **Ex. 1**; Dkt. 30, FAC.) As such, the first res judicata element is satisfied.

#### 2. Identity of Claims

The second res judicata element is also met even though Plaintiff relabels his current claims as fraud on the court and fraudulent concealment. *See Quinto v. JPMorgan Chase Bank,* 2011 WL

6002599, at *6 (N.D. Cal. 2011). "[U]nder federal law [a Plaintiff] does not avoid the bar of res judicata merely because he now alleges conduct not alleged in his prior suit, nor because he has pleaded a new legal theory." *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982). In determining whether successive claims constitute the same cause of action, courts consider: (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. *Quinto*, *supra*, 2011 WL 6002599, at *7 (quoting *Costantini*, *supra*, 681 F.2d at 1201).

The fourth *Costantini* factor — the transactional nucleus of facts — is essential in this analysis and directly applicable here. *See Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000); *see also Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003) (emphasis added) ("[I]dentity of claims exists when two suits arise from 'the same transactional nucleus of facts. *Newly* articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims *could have been brought* in the earlier action."). "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Int'l Union of Operating Eng'rs-Emps. Const. Indus. Pension, Welfare & Training Tr. Funds v. Karr*, 994 F.2d 1426, 1429 (9th Cir. 1993).

Accordingly, where the alleged harm in the later action arose at the same time as the harm alleged in the earlier action, claim preclusion applies because the plaintiff could have asserted the claim in the original lawsuit. *See Quinto*, *supra*, 2011 WL 6002599, at *7 (citing *United States v. Liquidators of Eur. Fed. Credit Bank*, 630 F.3d 1139, 1151 (9th Cir. 2011)).

**a. Same Transactional Nucleus of Operative Facts (Fourth Factor)**

Beginning with the fourth *Costantini* factor, Plaintiff's fraud claims arise from the same transactional nucleus of facts underlying the claims in the First Action. Plaintiff's fraud on the court claim to seek relief from judgment (Count I) contends that Navy Federal falsely represented that his termination was mandatory when, according to Plaintiff, Navy Federal actually possessed discretion on whether to terminate him. (Dkt. 30, FAC at ¶ 52.) Count II, fraudulent concealment, is based on

the same theory. (*Id*. at ¶ 60 ["Plaintiff pleads this Count as an additional, independent theory of relief arising from the same conduct alleged in Count I."].)

The issue regarding whether Navy Federal had discretion to terminate Plaintiff was the subject matter of the First Action and was squarely litigated and decided in that Action. (Dkt. 15-1, RJN at **Ex. 8**, Order at p. 4:7-9 ("Given that Mr. Ali was employed at a federal credit union and had been convicted of two misdemeanors, the next question is whether . . . 12 U.S.C. Section 1785(d) provided a non-discretionary bar to his continued employment").

In the First Action, the Court analyzed whether Navy Federal terminated Plaintiff because federal law mandated his termination under Section 1785(d) or whether the termination resulted from unlawful discrimination, as Plaintiff alleged. (*See id*.) The Court concluded that Navy Federal was "statutorily obligated to terminate" Plaintiff's employment once it learned of his qualifying convictions. (*Id*. at 5:19-27.) Moreover, in Plaintiff's Motion for Relief in the First Action, he also alleged Navy Federal committed fraud on the court. In denying the motion, the Court expressly stated "the Court is not persuaded that there is evidence of a 'fraud on the court[.]'" (Dkt. 15-1, RJN at **Ex. 13**, Minute Order on Motion for Relief).

In the present action, Plaintiff's fraud theories are simply repackaged versions of the same contention rejected in the First Action. Namely, whether Navy Federal had discretion under Section 1785(d) and improperly represented to Plaintiff and the Court that the termination as mandatory. (Dkt. 30, FAC at ¶¶ 4, 5, 33, 34, 36, 37, 38, 39, 43, 44, 52, 61, 62.) The "newly articulated" fraud claims therefore arise from the same nucleus of operative facts as the claims asserted in the First Action, and could have been brought there. *See Costantini*, *supra*, 681 F.2d at 1201 (fourth factor); *Tahoe-Sierra Pres. Council, Inc.*, *supra*, 322 F.3d at 1078.

The remaining *Costantini* factors likewise support a finding of res judicata.

**b. The Interests Established By the First Action Would Be Destroyed By Permitting the Prosecution of This Action (First Factor)**

Allowing Plaintiff to proceed with his fraud claims in this Action would impair the rights established by the prior judgment. The Court already determined that Navy Federal's termination decision was mandated by federal law. Permitting Plaintiff to relitigate this issue under the guise of

fraud would undermine the finality of that judgment. *See Costantini*, *supra*, 681 F.2d at 1201 (**first factor**). Moreover, Plaintiff seeks the same relief as sought in the First Action, including: "Plaintiff's annual compensation while employed by Defendant . . . past lost wages, future lost earnings, loss of benefits and retirement contributions, as well as punitive damages." (Dkt. 30, FAC at 18:2-19:4.) These damages were barred by the Judgment in the First Action (Dkt. 15-1, RJN **Ex. 8**, Order; **Ex. 9**, Judgment) and allowing Plaintiff to continue prosecution of this matter would destroy that determination. Thus, the first *Costantini* factor is met.

#### c. The Same Evidence Would Be Presented In The Two Actions (Second Factor)

The same evidence would be presented in both actions because Plaintiff is advancing the same argument and theory here as he did in the First Action; that Navy Federal misrepresented that it lacked discretion on whether to terminate his employment following his criminal convictions. Plaintiff's purportedly "newly discovered" evidence of the 2020 emails when he was hired and facing criminal charges advance the same argument that Plaintiff made in the First Action; that Navy Federal knew of his criminal charges in 2020 through his pre-hire background check and still hired him. (See Dkt. 15-1 at Ex. 2, First Action Compl. at 18-20.)[2]

The 2020 email chain attached as Exhibit F to the FAC concerns Navy Federal's decision to *hire* Plaintiff after learning of his pending misdemeanor charge. The exhibit predates Plaintiff's conviction and termination. Therefore, it has no bearing on whether Navy Federal was later required to terminate Plaintiff under Section 1785(d) *after* learning of his conviction. This same issue was already addressed in Plaintiff's First Action. As stated in Navy Federal's 2022 Motion to Dismiss in the First Action:

> Plaintiff alleges that Navy Federal knew about the unauthorized practice of law charge in November 2020 through a background check, and that Navy Federal's reliance on the charge is a pretext. (Compl. at ¶¶ 16-18, 101). However, Plaintiff was not convicted for his crimes until December 2021, and was not sentenced until January 2022. (Exhibit C). Section 1785(d) prohibits credit unions, such as Navy Federal, from employing or continuing to employ an employee after he or she "has been convicted of any criminal offense involving dishonesty or breach of trust. The statute

[2] Paragraphs 16 -20 of the Complaint in the First Action identify how Navy Federal knew of his criminal charges before his hire.

does not require such action for an arrest or criminal charge.

(Dkt. 15-1, RJN at **Ex. 3**, First Action Motion to Dismiss at 5:28-6:6; *see also* **Ex. 2**, First Action Compl. at ¶¶ 16-18, 101 [Plaintiff's allegations that Navy Federal knew of his criminal charges at his time of hire].)

Plaintiff's arguments are the same here as addressed in the First Action. As such, Plaintiff will rely on the same "evidence." Therefore, the second *Costantini* factor is satisfied.

**d. The Two Suits Involve Infringement of the Same Right (Third Factor)**

Finally, both suits involve the same alleged injury and infringement of the same asserted rights. In the First Action, Plaintiff alleged that Navy Federal improperly terminated him, which was not required by Section 1785(d). (Dkt. 15-1, RJN at **Ex. 2**, First Action Compl. at ¶¶ 16-18, 84, 96, 101.) In this Action, Plaintiff alleges that Navy Federal committed fraud by misrepresenting that Section 1785(d) required his termination leading to his wrongful termination. (Dkt. 30, FAC ¶¶ 4, 5, 33, 34, 36, 37, 38, 39, 43, 44, 52, 61, 62.) Although Plaintiff now labels his challenge as fraud rather than wrongful termination or retaliation, the underlying issue remains identical. *See Costantini*, *supra*, 681 F.2d at 1201 (third factor). This factor therefore too supports the application of res judicata.

Because both actions arise from the same transactional nucleus of facts, rely on the same evidence, implicate the same rights, and seek to relitigate issues resolved in the First Action, Plaintiff's fraud claims are identical to the claims in the First Action.

**3. There Was A Final Judgment on the Merits In The First Action**

As discussed above, this Court has already adjudicated the merits of Plaintiff's present claims, holding that Navy Federal was statutorily required to terminate Plaintiff's employment upon learning of his qualifying convictions. (Dkt. 15-1, RJN at **Ex. 8**, Order at 5:19-27.) Following that ruling, judgment was entered in Navy Federal's favor. (*Id*. at **Ex. 9**, Judgment.) The Ninth Circuit then affirmed the ruling. (*Id*. at **Ex. 10**, Ninth Circuit Decision.)

More so, Plaintiff expressly acknowledges that he had a full and fair opportunity to litigate whether Section 1785(d) applied to him. (Dkt. 30, FAC ¶ 44 ["Plaintiff had a full and fair opportunity to argue, and did argue, the legal question of whether § 1785(d) applied to him . . ."].) Having fully

litigated that issue, Plaintiff cannot evade the preclusive effect of the prior judgment by repackaging the same operative facts under different legal theories. Res judicata forecloses precisely this type of attempt to relitigate matters that have already been conclusively decided simply by affixing new fraud labels to the wrongful termination claim.

**B. Plaintiff is Improperly Claim-Splitting**

Related to Navy Federal's res judicata argument is that Plaintiff's claims are further precluded by the doctrine against claim-splitting. Plaintiffs "generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Mendoza v. Amalgamated Transit Union Int'l*, 30 F.4th 879, 886 (9th Cir. 2022) (citation omitted). Courts analyze claim-splitting under the same standards governing the related doctrine of res judicata, with the most important consideration being whether the actions arise from the same transactional nucleus of facts. *See id*. (citing *Costantini*, *supra*, 681 F.2d at 1202).

Here, Plaintiff is attempting to relitigate the claims and issues from the First Action not only through this lawsuit, but also through his WC Matter. Plaintiff is misusing the discovery process in that action to try and obtain information relevant only to the claims asserted in the First Action and reasserted here: whether Navy Federal misrepresented that it lacked discretion in his termination following his criminal convictions. (Dkt. 23, Pl. Opp. at 7:16-8:13; Dkt. 30, FAC at ¶35, Ex. A07 at 106.) All three proceedings therefore stem from the same alleged wrong: Plaintiff's termination. Since Plaintiff is pursuing multiple proceedings arising from the same transactional nucleus of facts, his claims constitute improper claim-splitting and are barred by res judicata. The Court should put an end to Plaintiff's repetitive and abusive litigation.

**C. Plaintiff's Fraud On The Court Claim Fails On the Merits**

Under Count I, Plaintiff seeks relief from the judgment in the First Action based on a "fraud on the court" theory pursuant to FRCP 60(d)(3). (Dkt. 30, FAC at ¶¶ 46, 50-58.) As an initial matter, neither federal nor California law recognizes an independent cause of action for damages based on "fraud on the court." *In re Greenstein*, 576 B.R. 139, 177 (Bankr. C.D. Cal. 2017); *see also Flynn v. Pabst*, No. CV 19-00058-M-DLC, 2020 WL 3971321, at *1 (D. Mont. July 14, 2020) ("Rule 60(d) does not independently create grounds for relief, but recognizes that Rule 60 does not prohibit

independent actions "to prevent a grave miscarriage of justice"). Accordingly, to the extent that Plaintiff seeks damages for this claim, he "cannot state a claim upon which relief can be granted, because no such cause of action exists under state law or federal law." *In re Greenstein*, *supra*, 576 B.R. at 177.

**a. The Newly Discovered Evidence Claim Is Time Barred**

Plaintiff alleges that he possesses "newly discovered evidence" that purportedly tolls his fraud on the court claim. (Dkt. 30, FAC ¶¶ 17-20, 53, 55.) That argument is misplaced. Claims based on newly discovered evidence are governed by FRCP 60(b)(2), which is subject to Rule 60(c)(1)'s strict one-year limitations period and must be brought no later than one year after entry of judgment. *See* Fed. R. Civ. P. 60(b)(2), 60(c)(1).

Accordingly, Plaintiff's proffered newly discovered evidence of the 2020 emails or his termination letter are not only irrelevant but are also time barred. Plaintiff also contends that Exhibit A07 to his FAC – Navy Federal's Worker's Compensation insurer's discovery response in the WC matter – is newly discovered evidence. (Dkt. 30, FAC at 94, Ex. H.) In addition to still being time barred, the WC Matter concerns an alleged industrial injury pre-dating Plaintiff's termination, and as such, is not relevant to Plaintiff's termination. (*Id*. at 99, Ex. A07.) Plaintiff points to Navy Federal's responses stating that certain logs and/or lists he requested do not exist. (*Id*. ¶ 17.) But a discovery response in a separate litigation reflecting the nonexistence of documents is not evidence of any element of a fraud claim and cannot sustain Plaintiff's cause of action.

**b. Relief Is Not Warranted Under Rule 60(d)(3)**

While motions to set aside a judgment under Rule 60(d)(3) are not subject to the one-year time bar, a party seeking relief under Rule 60(d)(3) must satisfy the more demanding standard for fraud on the court, rather than the lesser showing applicable under Rule 60(b). *See United States v. Sierra Pac. Indus., Inc.*, 862 F.3d 1157, 1167 (9th Cir. 2017). Plaintiff cannot satisfy this heightened standard.

Plaintiff's FAC fails to demonstrate a plausible claim for fraud on the court. The Ninth Circuit has repeatedly emphasized that fraud on the court is reserved for only the most extraordinary circumstances. "[A] party seeking to establish fraud on the court must meet a high standard." *Trendsettah USA, Inc. v. Swisher Int'l, Inc.*, 31 F.4th 1124, 1132 (9th Cir. 2022). Pursuant to Rule

60(d)(3), "**there must also be proof of 'an unconscionable plan or scheme which is designed to improperly influence the court in its decision**.'" *Flynn v. Pabst*, 2020 WL 3971321, at *2 (citing *Sierra Pac. Indus., Inc.*, 862 F.3d at 1168).

The doctrine "embrace[s] only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *In re Levander*, 180 F.3d 1114, 1119 (9th Cir. 1999). "[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute a fraud on the court." *Trendsettah USA, Inc.*, *supra*, 31 F.4th at 1134. "Less egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court." *Id.*

Here, Plaintiff contends that Navy Federal concealed evidence and took certain actions that "harmed the integrity of the judicial process through an unconscionable plan going to the central, dispositive issue in the case" within the meaning of *Sierra Pacific Industries, Inc.*, 862 F.3d at 1168. (Dkt. 30, FAC ¶¶ 51-58.) The FAC and judicially noticed facts show Navy Federal did no such thing.

Plaintiff contends that the judgment in the First Action was procured through Navy Federal's alleged concealment of evidence, including the 2020 email chain and Plaintiff's 2022 termination letter. (Dkt. 30, FAC ¶¶ 5-6, 16, 17, 51, 61-62.) These documents are not relevant to the First Action or this Action and were not concealed.

**(1) <u>2020 Email Chain</u>**

Plaintiff alleges that Navy Federal improperly concealed the 2020 email chain that purportedly reflects internal decision making regarding the application of Section 1785(d) and allegedly "stands in contrast to the individualized language of Plaintiff's own termination letter." (*Id.* at ¶¶ 53, 61-62.) This allegation fails because, in addition to the argument set forth above, the 2020 email chain is immaterial to both Plaintiff's termination and asserted claims.

Plaintiff contends that the emails demonstrate Navy Federal possessed discretion with respect to his termination. (*Id.* at ¶ 43.) The emails themselves show they are communications from 2020, approximately two years before Plaintiff's termination, concerning whether Plaintiff could be hired

while criminal charges were pending. (*Id*. at 88 [Ex. F].) At that time, Plaintiff had not been convicted of any offense, and Section 1785(d) does not require an employer to terminate or refuse to hire an individual based solely on pending criminal charges. Moreover, California Labor Code section 432.7 generally prohibits employers from refusing to hire, discharging, or otherwise discriminating against an applicant or employee based on an arrest or detention that did not result in a conviction. Navy Federal's consideration of Plaintiff's candidacy and ultimate hiring therefore reflected compliance with applicable law, not misconduct.

Most importantly, nothing in the emails suggests concealment, deceit, or any effort to mislead the Court. The communications merely document ordinary business discussions on Plaintiff's employment eligibility at the time of hire.

**(2) <u>2022 Termination Letter</u>**

Next, Plaintiff argues that Navy Federal concealed Plaintiff's 2022 termination letter. (Dkt. 30, FAC ¶¶ 53, 61-62.). Navy Federal could not have concealed the termination notice because it was delivered to Plaintiff on July 1, 2022, and he appended it as Exhibit 4 to the Complaint in the First Action in 2022. (Dkt. 15-1, RJN at Ex. 2, First Action Complaint at Ex. 4.)

Additionally, the letter is not relevant to any claim. The letter provides:

> It has come to the attention of Navy Federal that you were convicted for the unlicensed practice of law in violation of California Business and Professions Code on 21 January 2022. After assessing the circumstances surrounding your legal matter, we have decided to separate your employment with Navy Federal.

(Dkt. 30, FAC at 95.) Plaintiff appears to argue that Navy Federal had discretion over whether to fire him since the letter includes the terms "assessing" and "decided." This sentence does not show discretion but simply shows that the Company discovered that he was convicted of the unauthorized practice of law and for attempting to influence, intimidate, or threaten a witness, which precluded his continued employment. (Def. RJN, Dkt. 15-1 at 179 [Ord. Granting Mtn to Dismiss].) The FAC even acknowledges that the "assessment" identified in the letter could mean "confirming the statute's applicability, and that termination became mandatory only after that determination was made." (FAC, Dkt. 30, ¶ 34.) Despite this acknowledgment, Plaintiff tries to assign some nefarious meaning to the

termination letter, which does not exist and is certainly not evidenced in the termination letter.

**c. The Other Actions Allegedly Taken By Navy Federal Are Not Fraudulent**

Plaintiff next argues that Navy Federal's litigation actions constitute fraud on the court.

**(1) <u>Moving For A Stay of Discovery is Not Fraudulent</u>**

Plaintiff contends that Navy Federal committed fraud on the court by seeking a stay of discovery in the First Action. (Dkt. 30, FAC ¶ 53.) That allegation is meritless. The First Action was dismissed at the pleading stage before discovery ever commenced. The parties did not conduct a Rule 26(f) conference, and no discovery schedule was entered. (*See* Dkt. 15-1, RJN at Ex. 1, Docket.) Navy Federal moved to stay discovery pending resolution of its dispositive motion to dismiss. Seeking such a stay is a routine and judicially authorized litigation practice and was done to avoid unnecessary litigation and discovery costs while a potentially case-dispositive motion was pending. (Dkt. 15-1, RJN at 116, Motion to Dismiss.) Plaintiff alleges no facts showing that Navy Federal sought the stay for any improper purpose, nor does he identify any evidence improperly concealed as a result of the requested stay.

Indeed, Plaintiff concedes the inadequacy of this allegation. In opposing Navy Federal's prior motion to dismiss, Plaintiff acknowledged that "Plaintiff's current allegation – that Defendant sought a discovery stay to conceal evidence – is insufficient as pleaded if it identifies no act beyond the filing of the stay motion itself." (Dkt. 23, Pl. Opp. at 18-19.)[3] Because Plaintiff alleges nothing more than Navy Federal's filing of a procedurally proper motion to stay discovery, his allegations do not remotely approach the type of egregious misconduct required to establish fraud on the court under Rule 60(d)(3).

**(2) <u>Objecting to Premature Discovery Is Not Fraudulent</u>**

Plaintiff next argues that Navy Federal's objection to his premature discovery requests was fraud on the court. (Dkt. 30, FAC ¶ 53.) As explained above, the parties never proceeded to discovery. Accordingly, Plaintiff was not entitled to serve discovery on Navy Federal when he did, and Navy

---

[3] "[S]tatements of fact contained in a brief may be considered admissions of the party in the discretion of the district court." *American Title Ins. Co. v. Lacelaw Corp*., 861 F.2d 224, 226 (9th Cir. 1988); *see also Meyer v. Berkshire Life Ins. Co*., 372 F.3d 261, 264-65 (4th Cir. 2004) (affirming the district court's finding that the defendant's "waiver" of a legal defense that was made in a reply memorandum constituted a judicial admission).

Federal had no obligation to respond. *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)"). Navy Federal expressly advised Plaintiff of this defect in responding to Plaintiff's premature discovery requests in the First Action. (FAC, Dkt. 30, at 75) ["Navy Federal objects that the [discovery] request is premature, as Plaintiff propounded it before the parties participated in the required meet and confer conference under FRCP 26(d)"].) Because discovery obligations never arose, Navy Federal could not, as a matter of law, have obstructed discovery or deprived Plaintiff of an opportunity to present his case.

Furthermore, Plaintiff admits in his FAC that "Discovery in the prior action was stayed at Defendant's request before Plaintiff could obtain the internal communications described herein." (Dkt. 30, FAC at ¶¶ 5, 8.)[4] With discovery stayed, there was no obligation to respond to Plaintiff's requests.

In sum, Plaintiff's allegations do not come close to resembling the type of conduct courts have recognized as fraud on the court. He identifies no fabricated evidence, no bribery, no deception directed at the Court, and no unconscionable scheme designed to interfere with the judicial process. Instead, his claim rests on ordinary litigation conduct and evidence that is either nonexistent or immaterial. Because Plaintiff has not alleged facts demonstrating fraud on the court under Rule 60(d)(3), his claim should be dismissed with prejudice. As such, the Court should reiterate its holding from its denial of Plaintiff's prior motion to set aside the judgment, in which it held: "the Court is not persuaded that there is evidence of a 'fraud on the court[.]'" (Dkt. 15-1, RJN at Ex. 13, Minute Ord.)

**D. Plaintiff's Relief From Judgment Claim Based On Independent Action (FRCP 60(d)(1)) Fails Under Rule 12(b)(6)**

Plaintiff also seeks relief from the judgment in the First Action under Rule 60(d)(1). (Dkt. 30, FAC ¶ 46.) As with Plaintiff's Rule 60(d)(3) claim, Rule 60(d)(1) does not authorize the recovery of damages. *See Cohen v. Navarro*, No. CV 17-1352-RGA, 2018 WL 2113231, at *6 (D. Del. May 8, 2018). Under FRCP 60(d)(1), the court may only "entertain an independent action to relieve a party from a judgment, order, or proceeding." Fed. R. Civ. P. 60(d)(1). "This language has been interpreted as allowing a party to either file a motion within the same case under Rule 60(b)—which authorizes

[4] "A statement in a complaint, answer or pretrial order is a judicial admission." *American Title Ins., supra*, 861 F.2 at 226.

relief for reasons like mistakes or newly discovered evidence—or to file an entirely new complaint under Rule 60(d)." *Keo v. Coutts*, No. 22-CV-05317-TLT, 2023 WL 9051271, at *2 (N.D. Cal. Dec. 28, 2023) (internal quotations and citation omitted).

**1. Plaintiff Cannot Show A Grave Injustice**

"Independent actions under Rule 60(d), however, are reserved for those cases of injustices which . . . are **deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of res judicata**." *Id*. (emphasis added). This is a "demanding standard." *United States v. Beggerly*, 524 U.S. 38, 47 (1998). "Relief from an earlier judgment 'must be granted only in instances of grave injustice,' which go beyond the circumstances that would warrant an ordinary 60(b) motion." *Ayres v. MetLife, Inc.*, No. 21-CV-08523-JSC, 2022 WL 1801494, at *3 (N.D. Cal. June 2, 2022) (citing *Beggerly*, *supra*, 524 U.S. at 45.)

"To assert an independent action for relief [under Rule 60(d)(1)], a plaintiff must demonstrate (1) that plaintiff has a meritorious claim or defense, (2) that the plaintiff is diligent and not at fault, (3) there is a lack of an alternative remedy, and (4) 'that the judgment is manifestly unconscionable." *Keo v. Coutts*, 2023 WL 9051271, at *2. The Supreme Court provided an example in *Beggerly* of what may meet Rule 60's high bar, where "the plaintiff alleged that judgment had been taken against her in the underlying action as a result of a forged document." *Beggerly*, *supra*, 524 U.S. at 47. By contrast, there is no gross injustice sufficient when a plaintiff has availed himself of multiple opportunities to challenge orders and judgments he believes are erroneous. *Keo*, *supra*, 2023 WL 9051271, at *2. Indeed, "[a] party cannot use a Rule 60 independent action as a vehicle for re-litigation of issues." *Id*.

Here, Plaintiff plainly failed to meet this standard and is instead using this litigation to relitigate issues that have already been decided. He has no meritorious claim. Both of Plaintiff's causes of action are premised on his previously litigated allegation that Navy Federal had discretion in deciding to terminate his employment, despite representing that his termination was mandatory. (FAC, Dkt. 30, ¶¶ 4, 5, 33, 34, 36, 37, 38, 39, 43, 44, 52, 61, 62.) That issue has already been decided, and Plaintiff expressly concedes that he had a full and fair opportunity to litigate it. (*Id*. at ¶ 44.)

**2. Plaintiff Cannot Show Diligence or Lack of An Adequate Alternative Remedy**

Plaintiff likewise cannot demonstrate diligence. This action was not filed until 2026, even though the First Action concluded in 2022 and was affirmed by the Ninth Circuit in 2023. (Dkt. 15-1, RJN at Ex. 9 (Judgment), Ex. 10 (Ninth Cir. Decision.) Nor can Plaintiff establish the absence of an adequate alternative remedy, as he already pursued multiple avenues to prosecute his claims and challenge the judgment, including the First Action, a direct appeal to the Ninth Circuit, and a motion for relief from judgment in the First Action. He has been provided multiple opportunities to litigate these issues and is simply attempting another alternative since he was not satisfied with the three prior decisions from this Court and the Ninth Circuit. Finally, none of Plaintiff's arguments for relief from judgment show that the judgment in the First Action was manifestly unconscionable.

In short, Plaintiff's allegations do not present the type of extraordinary circumstances or grave injustice contemplated by Rule 60(d)(1). Rather, they reflect yet another attempt to relitigate an issue that has already been fully litigated and decided. Accordingly, Plaintiff's claim should be dismissed.

**E. Plaintiff's Fraudulent Concealment Claim Fails Under FRCP 12(b)(6)**

Plaintiff's claim for fraudulent concealment is based on the same conduct that forms the basis of his fraud on the court claim. (Dkt. 30, FAC at ¶ 60.) It similarly fails on the merits.

**1. The Fraudulent Concealment Claim is Time Barred**

Plaintiff's fraud claim fails as a matter of law under Rule 12(b)(6) because it is barred by the applicable three-year statute of limitations. *See Cansino v. Bank of Am.*, 224 Cal. App. 4th 1462, 1472 (2014) (citing Cal. Civ. Proc. Code § 338(d)). A claim for fraud accrues when a plaintiff discovers, or has reason to discover, the cause of action. *See id.*

Here, Plaintiff alleges that Navy Federal misrepresented that his termination was mandatory and non-discretionary. (Dkt. 30, FAC ¶¶ 4, 5, 33, 34, 36, 37, 38, 39, 43, 44, 52, 61, 62.) Thus, Plaintiff was aware of the facts underlying his fraud theory no later than July 1, 2022, when Navy Federal terminated his employment. (Dkt. 15-1, RJN at **Ex. 2**, First Action Compl. at ¶ 83.) Even assuming the alleged misrepresentation did not occur until Navy Federal filed its motion to dismiss on August 17, 2022, Plaintiff indisputably knew of the alleged misrepresentation as of that date. Navy Federal's

motion to dismiss in the First Action repeatedly states that Navy Federal was statutorily required to terminate Plaintiff's employment following his criminal convictions. (*See e.g.* RJN at **Ex. 3**, First Action Motion to Dismiss at 1:7-12). More than three years have elapsed since Plaintiff's termination and from Navy Federal's filing of the motion to dismiss in the First Action. Accordingly, Plaintiff's fraudulent concealment claim is time-barred and should be dismissed with prejudice.

**2. The Fraudulent Concealment Claim Is Not Tolled**

Plaintiff contends that the statute of limitations is tolled, although he does not clearly identify his basis for the contention. Plaintiff alleges only that his claims are "tolled under the discovery rule and applicable equitable tolling doctrines." (FAC, Dkt. 30, ¶ 20.) In California, "under the delayed discovery rule, a cause of action accrues and the statute of limitations begins to run when the plaintiff has reason to suspect an injury and some wrongful cause, unless the plaintiff pleads and proves that a reasonable investigation at that time would not have revealed a factual basis for that particular cause of action. In that case, the statute of limitations for that cause of action will be tolled until such time as a reasonable investigation would have revealed its factual basis." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 803 (2005).

Plaintiff cannot make that showing here. Plaintiff was aware of the alleged wrongful conduct no later than his termination in 2022, and therefore had reason to investigate and pursue any claims arising from that conduct at that time. Further, Plaintiff's proffered "newly discovered evidence" is irrelevant to the discovery rule. *See Fox*, *supra*, 35 Cal. 4th at 803. The 2020 emails Plaintiff relies on relate to his hiring, not termination, and they only show that Navy Federal knew of his criminal charges, not that he had been convicted. (Dkt. 30, FAC at 4:3-9, Ex. F.) As identified above, the existence of an arrest or criminal charges does not ignite the application of Section 1785(d).

The July 2022 termination letter has been in Plaintiff's possession since his termination, was appended as an Exhibit to the Complaint for the First Action, and as such is not "newly discovered." Therefore, the "new" evidence does nothing to toll the applicable statute of limitations.

**3. Plaintiff's Fraudulent Concealment Claim Fails To State A Claim**

In California, a plaintiff alleging fraudulent concealment must plead five elements: "(1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under

a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage." *Kaldenbach v. Mut. of Omaha Life Ins. Co.*, 178 Cal.App.4th 830, 850 (2009).

Plaintiff's claim fails here because the FAC clearly does not and cannot demonstrate factors one through three. Plaintiff argues that Navy Federal had a duty to disclose the purportedly "discretionary" deliberative process reflected in the 2020 email chain and the termination letter. (FAC, Dkt. 30, ¶¶ 61-62.) As explained above, Navy Federal had no duty to disclose the 2020 hiring email chain because it was not relevant to the claims or defenses at issue in the First Action. Moreover, the FAC admits the parties never engaged in discovery since "Discovery in the prior action was stayed[.]" (Dkt. 30, FAC at ¶¶ 5, 8.)

As to the termination letter, Plaintiff admits he received this letter at his termination in 2022. Therefore, Navy Federal could not have concealed it from him. Nor can Plaintiff salvage his claim by arguing that Navy Federal was required to disclose that it allegedly possessed discretion regarding his termination. Even, assuming arguendo that Navy Federal mistakenly believed it held discretion, this Court held as a matter of law that Section 1785(d) statutorily required Plaintiff's termination. (Dkt. 15-1, RJN at **Ex. 8**.) There can be no intentional concealment or fraud.

As such, Plaintiff cannot satisfy the requisite elements for the fraudulent concealment claim, and it must therefore be dismissed.

### F. Plaintiff's Conclusory Fraud Allegations Are Insufficient Under FRCP 9(b)

Fraud claims, including fraud on the court, are subject to the heightened pleading requirements of FRCP 9(b). *See United States v. Bayley*, No. 3:20-CV-05867-DGE, 2026 WL 2164469, at *2 (W.D. Wash. July 28, 2026) ("A fraud on the court claim must be pled with particularity under [FRCP] 9(b)."); *Aguirre v. Cal-W. Reconveyance Corp.*, No. CV 11-6911 CAS AGRX, 2012 WL 273753, at *9 n.9 (C.D. Cal. Jan. 30, 2012). A plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so

that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). Accordingly, fraud claims must allege "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal quotation and citation omitted).

Plaintiff's fraud on the court and fraudulent concealment claims do not even attempt to plead the essential elements of fraud, much less satisfy Rule 9(b)'s heightened pleading standard. Plaintiff's allegation that Navy Federal falsely represented that his termination was "mandatory and non-discretionary" (Dkt. 30, FAC at ¶¶ 4, 5, 33, 34, 36, 37, 38, 39, 43, 44, 52, 61, 62) is wholly conclusory and unsupported by factual details from which the Court could reasonably find fraud. Plaintiff's bare assertions fall far short of Rule 9(b)'s heightened pleading standard and cannot withstand a motion to dismiss.

## VI. LEAVE TO AMEND WOULD BE FUTILE

"Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility, . . . or where the amended complaint would also be subject to dismissal . . ." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998). Courts routinely deny a party leave to amend where the amendment is futile or subject to dismissal. *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538, 542 (9th Cir. 1989) (affirming trial court's denial of leave to file third amended complaint when claims sought to be added "[w]ere defective, and would have been subject to dismissal."). "Otherwise, granting leave to amend amounts to a pure delay in the final disposition of the case." *Brown v. Option One Mortg. Corp.*, No. C 09-5705 MHP, 2010 WL 1267774, at *5 (N.D. Cal. Apr. 1, 2010).

Moreover, "if a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte*, even though the defense has not been raised. This result is fully consistent with the policies underlying *res judicata*: it is not based solely on the defendant's interest

in avoiding the burdens of twice defending a suit but is also based on the avoidance of unnecessary judicial waste." *Rogers v. JP Morgan Chase Bank*, No. 222CV1799DADCKDPS, 2022 WL 16727823, at *3 (E.D. Cal. Nov. 3, 2022) (citing *Arizona v. California*, 530 U.S. 392 (2000)).

There are numerous defects in Plaintiff's FAC that cannot be cured through amendment. Both fraud-based claims are barred by res judicata because they rest on the same core theory advanced in the First Action: that Navy Federal misrepresented that Plaintiff's termination was required by law and/or concealed that it purportedly had discretion over Plaintiff's termination. While Plaintiff now relabels these allegations as fraud on the court and fraudulent concealment, the underlying facts and issues are unchanged. Those issues were fully litigated in the First Action, which resulted in a final judgment on the merits. Thus, any amendment would be futile on res judicata grounds alone.

Further, Plaintiff alleges no facts showing that Navy Federal engaged in an "unconscionable plan or scheme" designed to improperly influence the Court. *Flynn v. Pabst*, *supra*, 2020 WL 3971321, at *2. Nor does Plaintiff allege facts establishing the extraordinary circumstances required for relief under Rule 60(d)(1), which is reserved for cases involving a "grave miscarriage of justice." *Beggerly*, *supra*, 524 U.S. at 47. Instead, both claims are premised on ordinary litigation conduct, including positions taken in motion practice at the pleading stage in the First Action, which fall far short of the heightened standard necessary to warrant relief under Rule 60(d).

Plaintiff's fraudulent concealment claim is barred by the statute of limitations and is not tolled. Even if it were timely, the claim fails because Plaintiff cannot plausibly allege the first three elements of fraudulent concealment. The 2020 email chain and Plaintiff's termination letter which he relies on as "newly discovered evidence" are immaterial, as this Court previously held that Section 1785(d) statutorily required Plaintiff's termination following his criminal convictions. Moreover, discovery was stayed and therefore there was no obligation to produce the 2020 emails related to Plaintiff's application and subsequent hiring.

Plaintiff cannot cure these deficiencies. He was already provided one opportunity at amendment when he sought leave on the eve of Navy Federal's prior motion to dismiss. The issues remain the same and further amendment will be futile. Amendment will only continue to waste the Court and Navy Federal's time and resources. As such, leave to amend should be denied.

## VII. DISCOVERY SHOULD BE STAYED

Navy Federal requests the Court stay discovery until it issues a ruling on Navy Federal's Motion to Dismiss. In the event the Court grants the motion with leave to amend, Navy Federal requests for the Court to stay discovery until all pleading challenges that could dispose of the action have been resolved. As held by the Ninth Circuit:

> The purpose of F. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery . . . [I]f the allegations of the complaint fail to establish the requisite elements of the cause of action, our requiring costly and time consuming discovery and trial work would represent an abdication of our judicial responsibility. It is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery.

*Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987); *Ashcroft*, *supra*, 556 U.S. at 665 ("Because [respondent's] complaint is deficient under Rule 8, he is not entitled to discovery").

The Ninth Circuit employs a two-part test to determine whether to stay discovery pending resolution of a motion to dismiss. First, "a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *In re Nexus 6p Prods. Liab. Litig.*, No., 2017 U.S. Dist. LEXIS 132698, *4 (N.D. Cal. Aug. 18, 2017). Second, "the court must determine whether the pending motion can be decided absent discovery." *Id*.

Here, Navy Federal is moving to dismiss Plaintiff's FAC in its entirety and, therefore, the Motion is dispositive of the entire case. No discovery is required to resolve the arguments presented in Navy Federal's Motion. As such, Navy Federal satisfies the test to stay discovery.

## VIII. CONCLUSION

For the foregoing reasons, Navy Federal respectfully requests that the Court grant its Motion to Dismiss Plaintiff's FAC in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). Since the pleading's defects cannot be cured through amendment, dismissal should be with prejudice and without leave to amend.

Navy Federal further respectfully requests that the Court stay discovery pending resolution of this Motion, as the issues presented are purely legal and can be decided without discovery.

Dated: September 1, 2026

LITTLER MENDELSON, P.C.

*/s/ Richard L. Gillespie*
Richard L. Gillespie
Stephanie Teece
Attorneys for Defendant
NAVY FEDERAL CREDIT UNION